386 F.Supp. 1149 (1974)
Yvonne Costello HARRIS, Plaintiff,
v.
SHERWOOD MEDICAL INDUSTRIES, INC., Defendant.
No. 74-147 C (A).
United States District Court, E. D. Missouri, E. D.
November 8, 1974.
*1150 David A. Lang, Law Offices of Forriss D. Elliott, St. Louis, Mo., for plaintiff.
D. J. Sullivan and Jas. W. Herron, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

MEMORANDUM OPINION
HARPER, District Judge.
This matter is before the Court on defendant's motion for summary judgment. Plaintiff brings this action pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, to redress discriminatory employment practices allegedly committed by the defendant. Subsequent to the filing of the complaint, the plaintiff, with leave of Court, deleted each and every reference to 42 U.S.C. § 1981 wherever it may appear in the complaint.
Plaintiff, a former black employee of defendant, claims that defendant discriminated against her with regard to supervision and promotion, and that defendant discharged her on the basis of her race. In her complaint, plaintiff alleges that on March 16, 1972, the Equal Employment Opportunity Commission (EEOC) initially referred her charge against defendant to the Missouri Commission on Human Rights, as required by 42 U.S.C. § 2000e-5(d). The state commission was unable to complete action on her charge and returned plaintiff's file to the EEOC on June 30, 1972. Thereafter, the EEOC made a "reasonable cause" finding in favor of plaintiff and so notified her on February 8, 1973.
Plaintiff secured the following letter, dated February 4, 1974, from the District Director of EEOC:
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
 1015 LOCUST STREET  ROOM 917
 ST. LOUIS, MISSOURI 63101
CERTIFIED MAIL
RETURN RECEIPT REQUESTED
 Harris, Yvonne Costello
 vs.
 Sherwood Medical Inds., Inc.
 NOTICE OF RIGHT TO SUE 
 WITHIN 90 DAYS 
In Case No. YSL3-311 before the Equal Employment Opportunity Commission, United States Government.
YOU ARE HEREBY NOTIFIED THAT:
WHEREAS, This Commission has not filed a civil action with respect to your charge as provided by Section 706(F)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.: and,
WHEREAS, this Commission has not entered into a conciliation agreement to which you are a party;
THEREFORE, pursuant to 706(F) of Title VII, you may, within 90 days of your receipt of this Notice, institute a civil action in the United States District Court having jurisdiction over your case.
Should you decide to commence judicial action, you must do so within 90 days of the receipt of this letter or you will lose your right to sue under Title VII. If you are not represented by counsel and you are unable to obtain counsel the Court may, in its discretion, appoint an attorney to represent you.
Should you have any questions concerning your legal rights or have any difficulty filing your case in court, please call Ms. Gretchen Huston of this office at XXX-XXX-XXXX.
Date: February 4, 1974 /s/ Eugene P. Keenan,
 Eugene P. Keenan,
 District Director
The instant suit was filed March 1, 1974, twenty-four days after the date of the above letter. Plaintiff herein seeks declaratory and injunctive relief against defendant's allegedly unlawful practices, as well as back pay lost on account of such practices.
Defendant moves for summary judgment on the grounds that (1) Plaintiff did not commence the present action within the ninety-day period prescribed under 42 U.S.C. § 2000e-5(f)(1), and (2) the pleadings and other documents filed to date show that defendant has practiced no racial discrimination *1151 against plaintiff as a matter of law. In support of its motion, defendant has submitted a copy of the following letter:
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
 1015 LOCUST STREET  ROOM 917
 ST. LOUIS, MISSOURI 63101
 September 21, 1973
Ms. Yvonne Costello Harris
3517 Greer
St. Louis, Mo. 63107
 Re: Case No: YSL3-311
 Yvonne Costello Harris v.
 Sherwood Medical Industries
Dear Ms. Harris:
This is to inform you that conciliation efforts in your case have failed.
Anytime now, you may request your letter of Right to Sue. This is done by requesting, in writing, from the District Director, Mr. Eugene P. Keenan.
When you request your letter of Right to Sue, you have only 90 days to get a lawyer to file suit for you in Federal District Court. It is not wise to request your Right to Sue letter until you have obtained a lawyer who has agreed to represent you.
There are a number of St. Louis area lawyers who have experience with cases under Title VII of the Civil Rights Act of 1964, as amended. You would be wise to talk with a number of lawyers to find out what their fees would be in your case. If you need assistance in obtaining a lawyer or if you have any questions about your legal rights, you may contact Ms. Gretchen Huston, District Office Attorney, at 622-4126.
If there are any questions, please do not hesitate to contact me.
 Sincerely yours,
 Earnestine Thomas
 Equal Employment Conciliator
ET/ab
Defendant contends that this letter, by informing plaintiff "that conciliation efforts in your case have failed", commenced the running of the ninety-day statutory period within which civil actions under Title VII must be filed, and, therefore, that the filing of suit 161 days later was in contravention of the statute. Plaintiff contends that the letter of September 21, 1973, should be considered merely as a forewarning to plaintiff that the statutory period would begin to run at some future time upon receipt of the formal "right to sue" letter. Plaintiff does not contend that she did not receive the letter of September 21st.
At the Court's request the parties have submitted additional material from EEOC to assist the Court in making its determination in this matter.
The Equal Employment Opportunity Commission asked leave to file a brief on the issue as amicus curiae. Leave was granted and a brief filed. The parties stipulated that the facts contained in an affidavit of Gretchen Huston, EEOC St. Louis District Counsel, are to be made a part of the record. That affidavit states as follows:
"Comes now Gretchen Huston, District Counsel, Equal Employment Opportunity Commission, and states as follows:
"1. Letters reading substantially as shown on the attached form[1] were mailed to all persons who had filed charges with the St. Louis District Office of the Equal Employment Opportunity Commission, in all of those cases in which the Commission found reasonable cause to believe Title VII, Civil Rights Act of 1964, had been violated in one or more particulars and in which invitation to conciliate had been extended, and no agreement had been reached.
"Based upon an examination of the records maintained in the District Office, and upon information and belief, in excess of 200 letters substantially similar to the attached form letter were mailed between the period June 27, 1973, and August 1, 1974.
"Based upon a review of records and reports, I have found 59 files in which `Notices of Right to Sue' have been issued, upon written request, which number represents substantially all of those `Notices' issued between August 1, 1973, and September 12, 1974, in cases in which the Commission found Reasonable Cause to believe that the individual complainant had been affected by a violation of Title VII, and the parties were invited *1152 to conciliate the issues. The following, in summary, represents the variations in dates between date of failure of conciliation and dates of issuance of the `Notice of Right to Sue'.
"a. In cases in which conciliation failed and no form letter substantially similar to that in question was sent (prior to about June 27, 1973), the average period between failure of conciliation and the issuance of `Notice of Right to Sue', upon written request was approximately 295 days. The interim periods range from approximately 122 days to 573 days.
"b. In cases in which conciliation failed during the period a letter substantially similar to the letter in question was sent, the interim period between failure of conciliation and issuance of `Notice of Right to Sue', upon written request, averages approximately 110 days. The interim periods range between 0 and 337 days. (Two cases indicate that `Notices' were requested and issued prior to mailing of letter.)
"3. The `Notices' reviewed above do not include those `Notices of Right to Sue' issued in cases in which the Commission found no reasonable cause, cases in which the Commission found reasonable cause on systemic issues not affecting the Charging Party, cases administratively closed, in cases in which `Notices of Right to Sue' were requested and issued prior to determination by the Commission, cases in which conciliation was sought under consent decrees, or cases within the litigation jurisdiction of the Justice Department. Where more than one charge was filed and `Notice' was requested on more than one charge, for purposes of this affidavit the most recent conciliation failure was used."
 /s/ "Gretchen Huston,
 District Counsel."
It thus appears that on about June 27, 1973, the Commission instituted a procedure, whereby Title VII complainants may be mailed two letters from the Commission. The first letter notifies a charging party that conciliation efforts have failed. The second letter, captioned "Notice of Right to Sue", is not mailed until requested by the complaining party. Since the Commission adopted this two-letter system, charging parties in the St. Louis District have waited an average of 110 days to request the second letter styled "Notice of Right to Sue within 90 Days" following receipt of the notice that conciliation efforts have failed. As of September 12, 1974, this delay has been as great as 337 days.
Squarely presented to this Court, then, is the issue of whether notice from the EEOC to a charging party which states in part "this is to inform you that conciliation efforts in your case have failed", is sufficient to commence the running of the statutory period for filing civil actions set forth in 42 U.S.C. § 2000e-5(f)(1), or whether the period does not begin to run until a potential litigant chooses to request the second letter[2] styled "Notice of Right to Sue within 90 Days".
42 U.S.C. § 2000e-5(f)(1) provides in pertinent part:
"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge * * * the Commission has not filed a civil action * * * or the Commission has not entered into a *1153 conciliation agreement to which the person aggrieved is a party, the Commission * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought."
Strict adherence to this statutory filing period is a jurisdictional prerequisite to maintaining a private suit under Title VII. Huston v. General Motors Corporation, 477 F.2d 1003 (8th Cir. 1973); Genovese v. Shell Oil Company, 488 F.2d 84 (5th Cir. 1973); Stebbins v. Nationwide Mutual Insurance Co., 469 F.2d 268 (4th Cir. 1972); Goodman v. City Products Corp., 425 F. 2d 702 (6th Cir. 1970). In Goodman the Sixth Circuit rejected the notion that the courts should consider altering the statutory period where extenuating circumstances are present. The Court stated at pages 703-704:
"As regards judicial extension of the time limitation to further the remedial purpose of the legislation, it is sufficient to cite the following language from the United States Supreme Court case of Kavanagh v. Noble, 332 U.S. 535, 68 S.Ct. 235, 92 L. Ed. 150 (1947), where, in dealing with a limitation provision in the tax law, the Court had this to say:
"`Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Rosenman v. United States, 323 U.S. 658, 661, 65 S. Ct. 536, 89 L.Ed. 535. Remedies for resulting inequities are to be provided by Congress, not the Courts.'"
Plaintiff in this case contends that the ninety-day period did not start to run until receipt of the second letter on February 4, 1974. This Court disagrees.
42 U.S.C. § 2000e-5(f)(1) requires the Commission to notify the person bringing discrimination charges that "the Commission has not entered into a conciliation agreement to which the person aggrieved is a party." The EEOC has determined that the letter which it sends when conciliation fails shall include, among other things, notification to the charging party of his right to institute civil proceedings pursuant to Title VII,[3] but that the ninety-day limitation period does not begin to run until the charging party secures from EEOC a second letter styled "Notice of Right to Sue Within 90 Days" and that the charging party can obtain the second letter at his pleasure. While the furnishing of such additional information may well be desirable, it is not a necessary element of notice under the statute.
The Eighth Circuit held in Huston v. General Motors Corporation, supra, that the statutory period began to run when the complainant received a letter from the EEOC which began:
"This is to advise you that conciliation efforts in the above matter have failed to achieve voluntary compliance with Title VII of the Civil Rights Act of 1964. Pursuant to Section 706(e) of the Act, you are hereby notified that you may, within thirty (30) days of the receipt of letter, institute a civil action in the appropriate Federal District Court." (Emphasis added.) 477 F.2d at 1005, footnote 2.
*1154 The Court at page 1006 treated the letter as a "right to sue" letter from EEOC.[4]
In Hicks v. Crown Zellerbach Corp., 319 F.Supp. 314 (E.D.La.1970), the Director of Compliance for EEOC, in answer to the plaintiff's request for statutory notice under Section 706(e) of Title VII, wrote a letter to plaintiff stating that conciliation activities had been undertaken, but that the Commission had been unable to obtain voluntary compliance. The Court held that such notice plainly satisfied the requirements of the statute, 319 F.Supp. at 316-317, footnote 5.
In Genovese v. Shell Oil Company, supra, the Fifth Circuit held that plaintiff was barred from bringing suit beyond the limitation period after having received "notice from the EEOC that it had been unable to achieve voluntary compliance by Shell under Title VII." The Court made no mention of any notification to plaintiff of his right to sue, nor did the Court suggest that such notice was necessary.
Plaintiff relies heavily on the language cited by the Eighth Circuit in Local 179, United Textile Workers v. Federal Paper Stock Co., 461 F.2d 849 (1972) where the Court stated at pages 850-851:
"It is now settled, however, that a complaining party must satisfy two jurisdictional prerequisites in order to bring suit under Title VII: (a) a charge must be filed with the EEOC, and (b) statutory notice from the EEOC of the right to sue must be received. Robinson v. Lorillard Corp., 444 F.2d 791 (CA4 1971); Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136 (CA5 1971); Flowers v. Local No. 6, Laborers Int'l Union of North America, 431 F.2d 205 (CA7 1970); Fekete v. U. S. Steel Corp., 424 F.2d 331 (CA3 1970) and Local 186, Int'l Pulp, Sulphite and Paper Mill Workers v. Minnesota Mining and Mfg. Co., 304 F.Supp. 1284 (N.D.Ind. 1969)."[5] (Emphasis added.)
At the outset it may be pointed out that the issue decided in Local 179 was whether certain employees could be included in a Title VII civil action where the original charges to the EEOC were filed by the employee's union rather than by the employees themselves. Neither the Eighth Circuit in Local 179 nor any of the courts cited therein were dealing with the sufficiency of the Commission's notice to the complaining parties.
More importantly, it is necessary to note the reason behind the formulation of the "notice of right to sue" language employed in Local 179. The history of this language has been previously explored by the Fifth Circuit in the case of Beverly v. Lone Star Lead Construction Corp., supra, cited in the Local 179 decision above. In Beverly the Court stated 437 F.2d at pages 1139-1140:
"To this end, the tenor of the cases has established only two jurisdictional prerequisites to suit in federal court under Title VII: (1) the filing of a complaint with the EEOC and (2) the receipt of the statutory notice of right to sue. Early formulation of the latter requirement used the following language: `he must receive statutory notice from the EEOC that it has been unable to obtain voluntary compliance.' Subsequent decisions have made it clear that this language, taken from Section 2000e-5, is not to be interpreted in its narrowest sense; it is not necessary either for the Commission to state in its notice that it has been unable to obtain voluntary compliance or for the Commission to have engaged in any attempt at conciliation *1155 whatever. The sole purpose of this requirement is to provide formal notification to the claimant that his administrative remedies with the Commission have been exhausted." (Emphasis added.)
It thus becomes clear that the courts abandoned the language, "notice that the EEOC has been unable to achieve voluntary compliance", in order to avoid creating the impression that a charging party may not file suit unless the EEOC actually attempts conciliation with the employer. It is sufficient that conciliation is not achieved, regardless of whether actually attempted by the Commission, and that such failure of conciliation be communicated to the charging party. The new language, "notice of right to sue", appears to have been selected because that phrase was commonly used in describing the notice sent by the Commission.[6] It is clear that the Courts' choice of semantics was not intended to establish any additional elements of notice to be contained in the Commission's letter beyond the requirement set forth in the statute.
The choice of labels to be applied to the Commission's letter is irrelevant. The purpose of notice is not to advise prospective litigants of their legal rights, but merely to announce the administrative remedies set forth in the statute have been exhausted. The letter of September 21, 1973, sent to plaintiff in the instant case plainly states: "This is to inform you that conciliation efforts in your case have failed," and thus conveyed the information called for by the statute.
Title VII of the 1964 Civil Rights Act as originally passed provided that the EEOC "shall notify the person aggrieved" if it was unable to obtain voluntary compliance within 60 days, rather than the 180 days now specified, and gave a charging party 30 days in which to sue rather than the present 90 days. Public Law 88-352, Title VII, § 706 (July 2, 1964), 78 Stat. 259, 260. The Commission in its amicus brief points out that Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969), made it clear that this did not foreclose an aggrieved party from bringing suit within 30 days of receiving notice even if the EEOC took more than the suggested 60 days to send such notice. That case is cited for the proposition that since the 1972 amendments to Title VII gave the EEOC the right to sue, the Commission should be able to defer giving notice to a charging party until not only after it has failed to achieve conciliation, but also after it had determined whether or not it will file suit, regardless of the time period involved. The Commission candidly states that the purpose of the first notice letter is to allow a charging party the option of either requesting the right to sue immediately after conciliation efforts fail, or waiting indefinitely to see whether the Commission will sue the respondent itself. This may be their purpose but the letter is not so worded.
It must first be pointed out that the purpose for the holding in Cunningham was to encourage private settlements by giving the EEOC an opportunity to attempt conciliation even if it took longer than 60 days to investigate the charges in sufficient detail to make such an attempt.[7] Since the 1972 amendments were added, numerous decisions have held that the giving of statutory notice to a charging party does not halt the Commission's own processes unless, of *1156 course, the charging party chooses to bring a private suit. See EEOC v. Bartenders Int'l Union, Local No. 41, 369 F.Supp. 827 (N.D.Cal.1973); EEOC v. Hickey-Mitchell, 372 F.Supp. 1117 (E. D.Mo.1973); EEOC v. Mobile Oil Corp., 362 F.Supp. 786 (W.D.Mo.1973); EEOC v. Huttig Sash and Door Company, 371 F.Supp. 848 (S.D.Ala.1974); EEOC v. Eagle Iron Works, 367 F.Supp. 817 (S.D.Iowa 1973); EEOC v. Duff Brothers, Inc., 364 F.Supp. 405 (E.D.Tenn. 1973). Therefore, there is no reason for the Commission to delay sending the notice.
The issue in this case is only whether we are now going to ignore the ninety-day limitation on filing private civil suits under Title VII. By adopting the EEOC's practice of withholding a formal "right to sue" letter until requested, the Commission is permitting charging parties to exercise complete control over commencement of the filing period. The affidavit submitted by Gretchen Huston discloses that complainants in the St. Louis District alone have extended this filing period by as much as 337 days by merely delaying request of a formal notice. Presumably the Commission would mail a formal "right to sue" letter at whatever future time a charging party so requested, regardless of the lapse of time after receipt of the first notice. The effect of such a procedure is to abolish any limitation period whatever, in frustration of legislative intent.
42 U.S.C. § 2000e-5(f)(4) and (5) provide for the expedition of suits filed under this Act. It would be inconsistent to encourage inordinate delays in Title VII proceedings prior to the institution of civil proceedings while attaching such a sense of urgency to a case after suit has been filed.
The two-letter system employed by the EEOC is in violation of the statute and misleading to charging parties. Section 2000e-5(f)(1) is in simple language. When conciliation efforts have failed EEOC must immediately notify the charging party of that fact as provided in the statute, and cease trying in any manner to circumvent the ninety-day statute of limitations with respect to bringing suit.
Defendant's motion for summary judgment on the grounds that suit was not commenced within the period prescribed by 42 U.S.C. § 2000e-5(f)(1) is accordingly granted. It is, therefore, unnecessary to determine whether the pleadings and depositions show that defendant has not committed any discriminatory act as a matter of law.
Defendant's motion for summary judgment will be sustained and the clerk of the court will prepare and enter the proper order to that effect.
NOTES
[1] The content of the form attached to this affidavit is identical to the letter of September 21, 1973, mailed to plaintiff in the instant case.
[2] In Gates v. Georgia-Pacific Corporation, 492 F.2d 292 (9th Cir. 1974) the Court held that the limitation period on filing suit did not commence when the EEOC informed plaintiff that the Commission was closing her case for lack of jurisdiction, apparently because the state labor bureau was already considering the matter. There does not appear to have been any mention of conciliation efforts. The Court stated at page 295: "We restrict our holding to the facts of this case, and we express no opinion on the form of notice which might trigger the (limitation) period under other circumstances."
[3] The EEOC regulation pertaining to the content of notice to charging parties provides:

In any instance in which the Commission is unable to obtain voluntary compliance as provided by Title VII, as amended, it shall so notify the respondent, the person filing a charge on behalf of the aggrieved person, the aggrieved person or persons, and any State or local agency to which the charge has been previously deferred pursuant to § 1601.12 or § 1601.10. Notification to the aggrieved person shall include:
* * * * *
(3) Advice concerning his or her rights to proceed in court under Section 706(f)(1) of Title VII. 29 CFR 1601.25.
[4] It is interesting to note that the Commission instituted the system of sending two letters just 30 days after rehearing was denied in the Huston case.
[5] The language "statutory notice of right to sue" has even found its way into a U. S. Supreme Court decision, vis. McDonnell Douglas Corp. v. Green, 411 U.S. 792, at page 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
[6] Such notice appears in the Commission's regulations at least as early as 1970. 29 CFR 1601.25b, subsection (b) refers to issuance of "Notice of Right to Sue".
[7] The Court stated:

"The clear intent of Congress in passing this statute was to prefer private and informal conciliation. To require the EEOC to investigate a charge, determine its merits, attempt conciliation and also determine any further efforts to be fruitless within a 60 day period would severely lessen the chances of private settlement in many cases." Cunningham v. Litton Industries, 413 F.2d at 890.