389 F.Supp. 274 (1974)
Jimmie L. WHITFIELD et al., Plaintiffs,
v.
CERTAIN-TEED PRODUCTS CORPORATION et al., Defendants.
No. 74-66-C (2).
United States District Court, E. D. Missouri, E. D.
November 22, 1974.
*275 David A. Lang, Law Offices of Forriss D. Elliott, St. Louis, Mo., for plaintiffs.
Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., James K. Cook, Schuchat, Cook & Werner, St. Louis, Mo., for defendants.

MEMORANDUM OPINION AND ORDER
REGAN, District Judge.
Plaintiff, a black man, brought this Title VII action against his former employer alleging that his discharge resulted from discriminatory employment practices. The union of which plaintiff is a member was joined as a defendant on the ground that it allegedly violated its duty of fair representation by participating and acquiescing in the employer's allegedly discriminatory practices. Defendants have separately moved to dismiss. Subsequent to the submission of these motions, plaintiff has deleted every reference in the amended complaint to Sections 1981 and 1985, 42 U. S.C., and has dismissed without prejudice all his claims based thereon. This leaves for consideration only Count I against the employer and Count IV against the union.
The thrust of the motions to dismiss is that the Title VII claims are untimely under Section 2000e-5(f)(1), 42 U.S.C., so that this Court is without subject matter jurisdiction. Although the communications to plaintiff from the Equal Employment Opportunity Commission are not set forth in the amended complaint, their authenticity is admitted and the parties have agreed that we may consider them on the motions to dismiss.
Following the filing of plaintiff's charge, a determination was made by the Commission that reasonable cause existed to believe that the charge was true. Conciliation efforts failed and the parties were so notified on June 30, 1973. In its letter to plaintiff of that date, the Commission informed him that by reason of the failure of conciliation efforts "(a)nytime now, you may request your letter of Right to Sue," but cautioned that because of the 90-day limitation he make no such request until a lawyer was retained to prosecute his claim.
In cases involving an identically worded letter (except as to the parties and dates), Senior Judge Harper and Chief Judge Meredith of this District have ruled that such a letter of itself constitutes the statutory notification to the charging party that his administrative remedies within the Commission had been exhausted and thereby starts the *276 running of the 90-day period of limitations. Harris v. Sherwood Medical Industries, Inc., 74-147-C(A), and Tuft v. McDonnell Douglas Corporation (D.C.), 385 F.Supp. 184.
It is manifest from the very language of the statute that a jurisdictional precondition to maintaining a private Title VII suit is that it be commenced within 90 days after the aggrieved party receives the required notification. The courts have so held in a number of cases involving the effect of an alleged failure to commence the action within the 30 day period specified by the statute prior to its 1972 amendment. See, e. g., Genovese v. Shell Oil Company, 5 Cir., 488 F.2d 84; Goodman v. City Products Corporation, 6 Cir., 425 F.2d 702; Choate v. Caterpillar Tractor Co., 7 Cir., 402 F.2d 357; and Huston v. General Motors Corporation, 8 Cir., 477 F.2d 1003.[1]
Much is made of the phrase, "Right to Sue Letter." However, the statute nowhere speaks in such terms, and there can be no question but that the phrase is simply a label employed by the courts and the Commission to describe the effect of the communication which is required by the statute to notify the charging party that his administrative remedies have been exhausted, a communication which automatically triggers the commencement of the 90-day limitation period within which to file suit.
It is to be noted that when the Courts speak of a notice of right to sue (e. g. Local 179, United Textile Workers v. Federal Paper Stock Company, 8 Cir., 461 F.2d 849, and McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668) they normally refer to it as the statutory notice of such right. However, the statute does not in terms provide for a notice spelling out a party's legal rights or stating that by virtue of the matters set forth in the letter he thereby has a right to sue, but instead provides merely for a notice of the factual situation operating to entitle him to exercise the rights granted him by the statute.
Nothing in the statute confers any authority upon the Commission to extend the 90-day limitation period. The present case is wholly unlike those in which the Commission has improperly deferred giving any notice to the charging party of the failure of conciliation. In such a situation the Courts hold that the aggrieved party is not to be faulted by reason of the Commission's delay, however unjustified it may be, in notifying him that conciliation efforts have failed. Yet, once the Commission has given such notice, limitations inexorably commence to run, and there is no power in the Commission either to enlarge such period or to delegate to the charging party (as it is attempting in this and other cases) the right to determine for himself when that period shall commence.[2] Such indefinite and wholly unwarranted delays prior to filing suit are clearly inconsistent with the Congressional intent expressed in Section 2000e-5(f) 4 and 5 that Title VII actions be promptly and expeditiously determined.
Plaintiff argues that the Commission's letter of July 30, 1973 should *277 not be considered the statutory notice because it nowhere states, in the language of the statute, that "the Commission has not entered into a conciliation agreement to which the person aggrieved is a party." In our judgment, the language actually employed in the letter, "conciliation efforts have failed" could have no other meaning, particularly in light of the reference therein to plaintiff's right to bring suit.[3] And obviously, plaintiff would have personal knowledge of the fact that he is not a party to a conciliation agreement.
Nor does the fact that the Commission conceivably might have reopened its attempts at conciliation[4] alter our conclusion. This is true not only because of the manifest Congressional concern that the Commission promptly (at the expiration of 180 days) give notice of its failure to secure a conciliation agreement, but also because the mere giving of even such a notification to the aggrieved party would not of itself operate to bar the Commission from making further efforts at conciliation both before and after[5] a suit is filed.
We hold that suit having been filed more than 90 days after receipt of the July 30, 1973 communication to plaintiff, we have no subject matter jurisdiction over his Title VII claim. We need not, however, rest our decision solely on the effect of that letter. On September 4, 1973, the Commission wrote plaintiff as follows:
"This office has referred your case to the Commission's Regional Litigation Center for consideration as one which the Commission's General Counsel would take into Court. The Litigation Center has rejected your case for court action.
Title VII of the Civil Rights Act of 1964, as amended, provides that you may file a suit in Federal District Court represented by a private lawyer. In order to file such a suit, you must request in writing, a "Right to Sue" letter from me as District Director.
It is always wise to secure your own lawyer before you request a "Right to Sue" letter from the Director. Once you receive that letter, you have only 90 days to file the suit in Court.

*278 Having the Commission reject your case for Court action does not necessarily mean that it is a poor case. It may mean that there are too many cases being submitted to the Commission for Court action and too few lawyers to handle them.
The Commission has expended a considerable amount of time and money investigating and otherwise handling your case. You should certainly take the next step in getting your case to court by calling our attorney, Ms. Gretchen Huston at 622-4126. She will assist you in finding an attorney, possibly at no cost to you. In some cases, attorneys will take your case on a contingent basis. In others, all they ask is the filing fee. Do not let the thought of attorneys fees discourage you."
By this letter plaintiff was informed that the Commission had not in fact filed suit, having rejected its case for court action. Hence, even if the statute be construed as requiring the Commission to notify the aggrieved party not only that conciliation efforts have failed but also that the Commission has not filed a civil action, it is self-evident that as of September 4, 1973, plaintiff had been so notified.
This suit was filed on January 31, 1974, some 149 days after the September 4, 1973 letter. On plaintiff's theory, he could have delayed requesting a formal "Right to Sue" letter indefinitely. As it was, he obtained it 96 days after the "failure of conciliation" letter and 61 days after the "rejection for suit" letter, but delayed filing his suit for another 88 days. We believe that the clear Congressional intent would be flouted if we were to ignore the statutory 90-day period of limitations and exercise jurisdiction in this case.
Accordingly, it is hereby ordered that the separate motions of defendants to dismiss be and the same are hereby sustained and this cause is ordered dismissed without prejudice for want of subject matter jurisdiction.
NOTES
[1] In Huston the Eighth Circuit gave a liberal construction to the then 30-day period of limitations by holding that when a layman tendered his "right to sue" letter together with a request for appointment of an attorney, he thereby initiated his Title VII action, even though his formal complaint was not filed until after the expiration of the thirty days. Even so, and wholly apart from the fact that the decision was obviously influenced by the very short period of 30 days then allowed to file the action, the Court recognized that the statute mandated the actual commencement of a court proceeding, however inartfully, within the statutorily prescribed time period.
[2] The Commission's files reflect that at times aggrieved parties have waited almost a year (337 days) before requesting a formal "right to sue" letter.
[3] Admittedly, plaintiff acted upon the July 30 letter by making inquiry of Ms. Huston. On August 13, 1972, she wrote the following letter to plaintiff:

"In response to your inquiry regarding an attorney to represent you concerning your charge of discrimination, I am attaching a list of attorneys who have indicated willingness to be put on our register for referral.
Other sources of referral are the Lawyers Reference Service, sponsored by the local Bar Associations, which stands available to refer inquiries to attorneys registered with them, and Legal Aid Society, which is authorized to represent persons of strictly limited means in certain kinds of actions. The respective addresses and telephone numbers are:
[Addresses and telephone numbers omitted].
Finally, in the discretion of the United States District Court, which has jurisdiction over Title VII cases, an attorney may be appointed upon the timely filing of the "Notice of Right to Sue," which will be issued by the Commission upon your request, together with an application for the appointment of an attorney. The circumstances and conditions upon which a Court would appoint an attorney might include evidence of a diligent effort to obtain counsel by the Charging Party, insufficiency of funds to hire an attorney, and, of course, may exclude frivolous complaints. Therefore, you should make every effort to confer with one or more of the attorneys on the attached list, or use one of the other sources of referral before requesting your `Notice of Right to Sue'."
[4] Plaintiff refers to letters dated July 30, 1973 addressed to counsel for the defendants which advise them that the Commission has terminated its efforts to conciliate the case and that "conciliation will not be resumed unless you request [within 5 days from the date of the letters] that conciliation efforts be reopened."
[5] See Section 2000e-5(f)(1) which provides that "(u)pon request, the court [in which suit has been filed] may, in its discretion, stay further proceedings for not more than sixty days pending * * * further of efforts of the Commission to obtain voluntary compliance."