Charles TAYLOR, Plaintiff,

v.

**PACIFIC INTERMOUNTAIN EXPRESS CO., a corporation, and Automobile Mechanics Union, Local 701, I. A. M., Defendants.**

No. 74 C 3346.

United States District Court,
N. D. Illinois, E. D.

May 12, 1975.

Harry Bell, Chicago, Ill., for plaintiff.

Richard A. Kerwin, Burke, Kerwin & Towle, Chicago, Ill., for defendants.

Equal Employment Opportunity Commission, Washington, D. C., amicus curiae.

## MEMORANDUM OPINION

WILL, District Judge.

The instant controversy revolves around the interpretation of a portion of § 706(f)(1) of the Equal Employment Opportunity Act, 42 U.S.C. § 2000e–5(f)(1). In relevant part the section provides:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . ..

The plaintiff, Charles Taylor, has brought suit against Pacific Intermountain Express Company (Pacific), a corporation, and the Automobile Mechanics Union, Local 701 I.A.M. (Mechanics)

alleging violations of the Equal Employment Opportunity Act. Pursuant to the requirements of the Act, the plaintiff filed a charge with the Equal Employment Opportunity Commission (Commission) on February 16, 1971, charging that Pacific had violated the Act by engaging in unlawful employment practices, including discriminatory discharge, on the basis of race. Plaintiff also alleged that Local 701 of the Mechanics had refused to fairly represent him.

Following proceedings before the Illinois Fair Employment Practices Commission, the federal commission undertook to investigate the charges made by plaintiff and, on June 3, 1973, issued a determination letter finding reasonable cause to believe that defendants had engaged in discriminatory employment practices based on race. After attempting to reach an acceptable conciliation agreement between defendants and plaintiff, the Commission on July 25, 1974 issued a letter to plaintiff stating in relevant part:

> As of this date, the Commission has been unable to reach a satisfactory agreement with the Respondent to properly settle the matters raised in the above-mentioned case. Therefore, you may at this time request in writing a Notice of Right to Sue which enables you to institute civil action in the appropriate U. S. District Court. If you are unable to locate an attorney, please contact our District Counsel, Ms. Dolores Knapp, 353–4359, in this office and efforts will be made to assist you in that regard. If you are unable to afford an attorney, the United States District Court is empowered, in its discretion, to appoint an attorney to represent you and to authorize commencement of suit without the payment of fees, cost or security. If you intend to pursue this matter in the U. S. District Court, it is requested that you sign the enclosed form in the appropriate place and return it in the self-addressed envelope to this office within 15 days from the receipt of this letter.

On August 16, 1974, 22 days later, plaintiff requested a "right to sue" letter. The Commission issued such a letter on October 4, 1974. That letter advised plaintiff:

> Pursuant to Section 706(f–1) of Title VII of the Civil Rights Act of 1964, as amended, you are hereby notified that you may within ninety (90) days of receipt of this communication, institute a civil action in the appropriate Federal District Court. If you are unable to retain an attorney, the Federal District Court is authorized in its discretion to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs or security. If you decide to institute suit and find you need assistance, you may take this letter, along with any correspondence you have received from the Commission, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you. In the event you secure the services of an attorney, please pass the enclosed self-addressed card along to him.

Relying thereon, the plaintiff brought the instant suit on November 19, 1974, 46 days after the issuance of the "right to sue" letter, but 117 days after the "failure to conciliate" letter was issued.

The defendants have moved to dismiss on the ground that the suit was not commenced within the 90-day time period provided by § 2000e–5(f). They argue that the period began to run no later than when the plaintiff received the Commission's failure to conciliate letter; consequently, the complaint is beyond the statutory period. Plaintiff opposes the motion, contending that the statutory period began to run on the date the "right to sue" letter was issued; hence, the filing of plaintiff's complaint 46 days later is plainly within the statutory

period. The Commission has filed an *amicus curiae* brief in opposition to the motion to dismiss, to which the defendants have responded.

■ Under the statute, the "failure to conciliate" notice to a complainant apparently commences the running of the statute. The language of § 2000e–5(f)(1), quoted earlier, explicitly provides that a complainant has 90 days in which to bring suit after being notified by the Commission that conciliation efforts have failed. See also Stebbins v. Continental Ins. Co., 143 U.S.App.D.C. 121, 442 F.2d 843 (1971) and Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969); which hold that the letter indicating that the Commission has failed to effect conciliation with the respondent commences the running of the statutory period.

In Harris v. Sherwood Medical Industries, Inc., 386 F.Supp. 1149 (E.D.Mo. 1974), the Court was confronted with the question of whether the "failure to conciliate" letter or the "right to sue" letter commences the running of the 90-day period. The Court held that the "failure to conciliate" letter controls. The Court explained that the sole purpose of the requirement of notification was "to provide formal notification to the claimant that his administrative remedies with the Commission have been exhausted." Such a purpose, the Court continued, did not include advice to complainants of their legal rights, and the courts have accepted the "notice of right to sue" language only because it was used by the Commission and not because they sought to establish additional elements of notice beyond those set forth in the statute. The Court concluded that, by adopting the practice of withholding a formal "right to sue" letter until requested, the Commission permits the charging party to exercise "complete control over commencement of the filing period," thereby effectively abolishing "any limitation period whatever, in frustration of the legislative intent." We agree with the Court in Sherwood Medi-

cal Industries, Inc., *supra*, that the notice of failure to conciliate commences the running of the statutory period.

The Commission attempts to justify its two-letter system ("failure to conciliate" and "right to sue") on the ground that additional time is needed, after conciliation efforts have failed, to allow the Commission to determine whether it will bring suit against the respondent. The hiatus afforded by the two-letter system is particularly important, the Commission argues, in view of decisions which have held that the Commission is precluded from bringing suit, once the complainant has initiated suit on his or her own behalf. EEOC v. Mo. Pac. R. R., 493 F.2d 71 (8th Cir. 1974).

These arguments are unpersuasive. Since a complainant is not required to wait a certain period of time before securing the right to sue letter, and, even under the Commission's format, may file suit immediately upon its receipt, there is no assured time lag between the two letters. Such a letter may as easily be requested the day following the complainant's receipt of the failure to conciliate notice as after a more extended period of time following such receipt. In any event, the Commission's internal administrative logistics and convenience do not warrant its ignoring or amending the clear statutory language.

As noted in the foregoing factual discussion, here the right to sue letter was requested August 16 and issued on October 4, 1974. Presumably, in the interim, the Commission determined whether or not to sue in its own behalf. While we recognize the Commission's need to reconcile its administrative processes with the requirements of 42 U.S.C. 2000e–5(f)(1), such an adaptation may not include practices and procedures which extend the limitations period established by Congress.

It should be noted that withholding notice to the complainant of failure to conciliate until after the Commission has determined whether or not it will sue would both accommodate the Com-

mission's internal administrative needs and not alter the statutory requirement that the period begin to run when notice of failure to conciliate has been given.

■ In the absence of the particular equitable considerations present in the instant case, the plaintiff would be barred from maintaining this action. It is clear, however, that the plaintiff's failure to bring suit within 90 days of the July 25, 1974 notice of failure to conciliate was caused by the Commission's written declaration to him that the 90-day period would begin upon issuance of a "right to sue" letter.

Having been informed in the failure to conciliate letter that he might do so, the plaintiff requested a right to sue letter 22 days after July 25, 1974, the date of that letter. The Commission delayed between August 16 and October 4 before issuing the latter letter. He then brought suit 46 days after the issuance of the "right to sue" letter. In neither case, nor in the aggregate, did plaintiff allow a period of 90 days to elapse. Had the Commission not delayed 49 days in issuing the right to sue letter, this suit would have been brought well within the 90 day period.

The Seventh Circuit in Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968) refused to permit the Commission's failure to enter conciliation efforts with the respondent to prejudice the rights of the complainant. The Court pointed out that the inefficient conduct of the Commission, over which the plaintiff had no control, should not defeat his rights. See also Gates v. Georgia-Pacific Corporation, 492 F.2d 292 (9th Cir. 1974) where the Ninth Circuit held that, because the letter sent by the Commission to the plaintiff did not advise her as to the time period within which she was required to file

suit and because she promptly commenced her action upon learning of the limitation, she had timely filed suit in the District Court, even though filing occurred beyond the statutory limitations period.

In the instant case, the Commission proceeded one step beyond a mere failure to advise and led the plaintiff to believe that his right to sue pivoted upon his receipt of a "right to sue" letter. The plaintiff was, accordingly, misinformed by the Commission as to his rights under the Act. Based on the equitable considerations expressed in *Choate, supra*, we hold that plaintiff's failure to file suit within 90 days after he received the "failure to conciliate" notice, does not bar his case.

We trust that, in the future, the Commission will conform its procedures and communications to the statutory requirements. The suggestion in failure to conciliate letters that a complainant requires a right to sue letter before suit may be brought is clearly contrary to the statute. The statement in the right to sue letter that the complainant has 90 days after receipt thereof to file his action is likewise clearly inconsistent with the specific statutory language. The Commission must cease creating situations such as in the instant case in which the complainant, through no fault of his own and in reliance on Commission statements, fails to file suit within the statutory period.

If the present statutory timetable is unsatisfactory and presents administrative difficulties to the Commission, its proper course of conduct is to seek amendment of the statute by Congress, not ignore or amend the clear statutory language by administrative fiat.

An order denying defendants' motions to dismiss will enter.