**Thomas MUNGEN et al., Plaintiffs,**

**v.**

**CHOCTAW, INC., Defendant.**

**No. C–73–496.**

United States District Court,
W. D. Tennessee, W. D.

June 18, 1975.

John M. Bilheimer, Little Rock, Ark., Jack Greenberg, New York City, for plaintiffs.

Edward R. Young, Memphis, Tenn., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

McRAE, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. by Thomas Mungen, J. C. Hamilton, J. D. Simpson, Mose Boyd, and Gloria Stampley on behalf of themselves and all others similarly situated, against Choctaw, Inc. for monetary, declaratory, and injunctive relief based upon Choctaw's alleged practices of employment discrimination.

By order of this Court on November 19, 1974, the Court granted the Defendant's Motion to Dismiss insofar as it alleged a cause of action regarding Plaintiffs J. D. Simpson, J. C. Hamilton, Gloria Stampley, and Mose Boyd under Title VII, and further ordered that all causes of action of the Plaintiffs brought pursuant to 42 U.S.C. § 1981 be dismissed to the extent that the alleged causes of action arose prior to November 27, 1972, pursuant to the applicable Statute of Limitations provided in T.C. A. § 28–304. Now before this Court is the Defendant's Motion to Dismiss the remaining Plaintiff Mungen's Title VII action, Or, In The Alternative, For Summary Judgment. The pending motion is based upon the ninety day time limitation notice set forth in the Title VII Statute. The Defendant contends that the Plaintiff's Title VII action is barred because more than ninety days lapsed from the time the Plaintiff was notified that conciliation efforts had failed and the time that he filed suit in the District Court.

The important dates for the Court's consideration of this issue are the following:

1. On July 30, 1973, Thomas Mungen signed a typewritten letter on E.E.O.C. stationery titled "Request for Notice of Right to Sue," in which he stated, "I, Thomas Mungen, after being informed

that the above company refused to reach any agreement in my case against them, hereby request that the Memphis District Office of the Equal Employment Opportunity Commission issue a Notice of Right to Sue to me so that I can file suit in the appropriate U.S. District Court . . . ."

2. On August 3, 1973, the Defendant Company received from E.E.O.C. a letter stating that conciliation efforts had failed.

3. On August 29, 1973, E.E.O.C. issued its Notice of Right to Sue letter to Plaintiff Mungen.

4. This action was filed on November 27, 1973, approximately 120 days after the letter of July 30th but within ninety days after the Notice of Right to Sue letter issued on August 29, 1973.

The pertinent Statute provides as follows:

42 U.S.C. § 2000e–5(f)(1)

". . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."

■■ The question squarely presented to this Court is whether notice from the E.E.O.C. that an agreement has not been reached is sufficient to commence the Statute of Limitations set forth in 42 U.S.C. § 2000e–5(f)(1), or whether the time period begins to run when a complainant receives the formal Notice of Right to Sue Letter. Before the Court answers this question it must first determine whether the letter signed by Plaintiff Mungen on July 30,

1973, constitutes receipt of notice that conciliation efforts had failed for statutory purposes. While informal notice is not anticipated by the Statute, this Court finds that the letter of July 30, 1973, typewritten on E.E.O.C. stationery acknowledging that notice had been received that E.E.O.C. had failed to reach an agreement is sufficient to constitute receipt of notice of failure to conciliate as of that date and written acknowledgment thereof.

■ With regard to the question of the commencement of the Statute of Limitations, the Defendant cites several cases in support of its contention that in Title VII cases the Statute of Limitations for the commencing of a civil action in federal court begins to run once the complainant receives notice that conciliation efforts are either terminated or have failed. *Barfield* v. *A.R.C. Security, Inc.,* 10 FEP Cases 789 (N.D.Ga., 1975); *Harris* v. *Sherwood,* 8 FEP Cases 1142 (E.D.Mo., 1974); *Creswell* v. *Union Bottling Works, Inc.,* 8 FEP Cases 1175 (E.D.Mo., 1974); *Tuft* v. *McDonnell Douglas Corp.,* 8 FEP Cases 1168 (E.D.Mo., 1974).[1] See also *De Matteis* v. *Eastman Kodak Co.,* 10 FEP 153 (C.A.2, 1975), in which the Second Circuit found the Statute of Limitations barred a Title VII action which was filed within ninety days of the Notice of Right to Sue Letter but more than ninety days after the plaintiff received notice that E.E.O.C. found no reasonable cause and had dismissed the charge. The three Missouri cases involved a "two-letter" system in which first the E.E.O.C. sent the complainant a letter stating:

"This is to inform you that conciliation efforts in your case have failed . . . anytime now you may request your letter of right to sue . . . ."

The complainant had the discretion to request the Right to Sue Letter at any

1. Subsequent to the filing of Defendant's Memorandum, the Eighth Circuit reversed the District Court of the Eastern District of Missouri in *Tuft* v. *McDonnell Douglas Corp.* in a Decision filed May 27, 1975, No. 74–1890.

time. In reaching the decisions in these cases, that the Statute of Limitations began to run once the complainant received notice of failure to conciliate, the Courts relied on a detailed interpretation of 42 U.S.C. § 2000e–5(f)(1) from which they concluded that notice of failure of conciliation was all the Statute required. The Fifth Circuit in *Genovese* v. *Shell Oil Co.*, 488 F.2d 84 (C.A. 5, 1973) stated:

> ". . . Compliance with this limitation period in 42 U.S.C. § 2000e–5 is a precondition to asserting a private Title VII action, and that jurisdiction of the courts to hear such actions is dependent upon suit being brought thirty days after the E.E.O.C.'s *notice that it has been unable to achieve voluntary compliance.*[2] (Emphasis added.)"

In *Hicks* v. *Crown Zellerbach Corp.*, 319 F.Supp. 314 (E.D.La., 1970), the Court found that a letter to a charging party stating that conciliation activities had been undertaken but that the Commission had not been successful in securing voluntary compliance satisfied the notice requirement. While other courts have used the terms "Ninety Day" letter or "Notice of Right to Sue" letter, these terms cannot add additional elements of notice beyond what is required by the Statute. As aptly stated in the case of *Harris* v. *Sherwood Medical Industries*, 8 FEP 1142 (E.D.Mo., 1974), with reference to the "Notice of Right to Sue" language:

> "[It] appears to have been selected because that phrase was commonly used in describing the notice sent by the Commission. It is clear that the Court's choice of semantics was not intended to establish any additional elements of notice to be contained in the Commission's letter beyond the requirement set forth in the Statute." Id at 1146.

In response to the Defendant's Motion, the Plaintiff states that the E.E.O.C. has defined what the notice of 42 U.S.C. § 2000e–5(f)(1) is in 29 CFR § 1601.25(a), which states that notice shall include: a) a copy of the charge; b) a copy of the Commission's determination of reasonable cause; and, c) advice concerning his right to proceed in court under § 706(f)(1) of Title VII. Plaintiff argues that because the notice of July 30, 1973, did not contain the above three elements of § 1601.25, then it is not the required notice and therefore the Statute of Limitations could not have begun to run as of that date. In determining the validity of the Plaintiff's argument, a closer look at the Statute and the implications of the E.E.O.C. practice involved are essential. The Statute in question, 42 U.S.C. § 2000e–5(f)(1), speaks in terms of one notice being given to the complainant when conciliation has failed by its use of the words "shall so notify." From a reading of the Statute, then, once the E.E.O.C. notifies the complainant that conciliation has failed, the aggrieved party has ninety days from the receipt of that notice to institute a civil action. While E.E.O.C. has the authority to promulgate regulations to carry out Title VII, it cannot subvert the meaning of the Statute by its implementation of those regulations. The E.E.O.C. practice involved here is one in which E.E.O.C. has bifurcated the notice. It has complied with the Statute by notifying the aggrieved party of the failure of conciliation efforts. However, it has not complied with its own regulations at that time by including the other elements of § 1601.25. The E.E.O.C. then allows an aggrieved party at his convenience after receipt of this first notice, to request a second notice titled "Notice of Right to Sue" which contains the three elements of § 1601.25. What this practice does in effect is make the time from which the Statute of Limitations begins to run dependent on when a complainant requests a "Notice of Right to Sue" letter rather than upon notice by the E.E.O.C. of the

---

2. The thirty day period was subsequently changed to ninety days.

exhaustion of the administrative remedy of conciliation as Congress provided.

This Court is not unmindful of the liberal interpretation of other procedural requirements of the Act. However, the statutory period for filing suit after notice has been strictly construed. In *Goodman* v. *City Products Corp.*, 425 F. 2d 702 (C.A.6, 1970), the Court affirmed a dismissal by this Court of a suit filed one day beyond the statutory period allowed for filing suit after receipt of notice. With reference to the limitations period the Court said:

> "As regards judicial extension of the time limitation to further the remedial purpose of the legislation, it is sufficient to cite the following language from the United States Supreme Court case of *Kavanaugh* v. *Noble*, 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150 (1947) where in dealing with a limitation provision in the tax law the Court had this to say: 'Such periods are established to cut off rights, justiciable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. *Rosenman* v. *United States*, 323 U.S. 658, 661, 65 S.Ct. 536, 89 L.Ed. 535. Remedies for resulting inequities are to be provided by Congress, not by the courts.'" 425 F.2d at page 703–704.

This Court therefore has no choice but to dismiss this Plaintiff's Title VII action. This Court regrets the apparent harshness of this decision on the Plaintiff. However, E.E.O.C. has no right to pre-empt unto itself a right to extend the limitation period provided by Congress nor does it have the right to give that power and privilege to the complaining party. The present practice can lead to abuse which affects the rights of the employer.

With regard to this Plaintiff's action brought pursuant to 42 U.S.C. § 1981, the one-year Statute of Limitations would bar this action because the Plaintiff was discharged more than one year prior to filing this action. The applicable one year Statute of Limitations also bars the other Plaintiffs' actions brought pursuant to 42 U.S.C. § 1981.

This Court does not reach a determination as to the propriety of a class action in light of its holding.

It is therefore ordered that this case be dismissed.