**Richard Kenneth CLARK, Plaintiff,**

v.

**MORGAN'S AUSTINTOWN FOODS, INC., et al., Defendants.**

**No. C 75–109Y.**

United States District Court, N. D. Ohio, E. D.

Dec. 19, 1975.

Supplemental Opinion Jan. 20, 1976.

Christopher J. Newman, Youngstown, Ohio, for plaintiff.

Elliot S. Azoff, Mark I. Wallach, Cleveland, Ohio, for defendants.

**MEMORANDUM OPINION AND ORDER**

LAMBROS, District Judge.

Plaintiff in the above-captioned case seeks injunctive relief for defendants

failure to hire plaintiff as a curb waiter at one of its restaurants, alleging that the refusal was based on the fact that plaintiff was a male. This refusal, plaintiff asserts, constitutes impermissible sexual discrimination violative of 42 U.S.C. §§ 1981, 1983 and 2000e *et seq.* Defendants have moved to dismiss the action. Upon review, the Court grants defendants' motion in part and denies it in part.

According to the uncontradicted affidavits and exhibits submitted by defendants, plaintiff filed with the Equal Employment Opportunity Commission a charge of unlawful discrimination involving the issues raised here on March 17, 1971. On March 29, 1972, pursuant to regulations which went into effect on March 24, 1972, notice was sent by the E.E.O.C. to defendants concerning the fact that plaintiff had filed a charge against it. No such notice was ever received by defendants, however. It was not until April of 1974, that defendants obtained a copy of plaintiff's charge or were aware of the proceedings. On January 17, 1975, the E.E.O.C. made a finding that reasonable cause existed to believe plaintiff's charge was true. Attempts at conciliation were made, but on April 1, 1975, notice was sent by the E.E.O.C. to the parties indicating that the conciliation process was not going to be continued, it appearing that a settlement was not possible. The notice stated that negotiations would not be resumed unless the plaintiff submitted certain requested documentation. If the plaintiff failed to comply within a certain period, the E.E.O.C. indicated that a "right to sue" letter would be sent.

On June 20, 1975, at plaintiff's request, notice of right to sue was given to plaintiff, and on August 29, 1975, this case was commenced.

## I. CLAIMS UNDER § 1981

■ As to plaintiff's claims for relief based upon 42 U.S.C. § 1981, the Court finds that since the charges are of sex discrimination, relief under this provision is unobtainable. It is well-established that this statute provides relief only for racial discrimination or discrimination based upon color, not sex. *Held v. Missouri Pacific Railroad Company,* 373 F.Supp. 996 (S.D.Texas 1974); *League of Academic Women v. Regents of Univ. of Cal.,* 343 F.Supp. 636 (N.D.Cal.1972); *Fitzgerald v. United Methodist Community Center,* 335 F.Supp. 965 (D.Neb. 1972); and, *cf., Jones v. Mayer,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

## II. CLAIMS UNDER § 1983

■ The Court must also strike plaintiff's claims made under 42 U.S.C. § 1983, since this provision is only available to remedy injustices perpetrated under color of state law, and there is no indication whatsoever that anyone acted "under color of state law" in regard to the alleged discrimination against plaintiff. *Adickes v. S. H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Azar v. Conley,* 456 F.2d 1382 (6th Cir. 1972), and *Wilson v. Sharon Steel Corp.,* 399 F.Supp. 403 (W.D.Pa. 1975).

## III. CLAIMS UNDER § 2000e

As to plaintiff's claims under 42 U.S.C. § 2000e, defendants raise two objections.

■ First, it is contended that the fact that defendants did not receive notice of the pendency of this proceeding until over three years after the filing of the charges with E.E.O.C. requires dismissal of this action. Reliance is placed on 42 U.S.C. § 2000e–5(b) and the decision in *E.E.O.C. v. Airguide Corp.,* 395 F.Supp. 600 (S.D.Fla.1975). In *Airguide,* the Court dismissed the E.E.O.C.'s action against an employer because the employer did not receive notice of the charges against it until nearly a year after the filing of the charge with the E.E.O.C. The Court held that since under 42 U.S.C. § 2000e–5(b), notice must be given within 10 days after the filing of the charge, the E.E.O.C. could not proceed against an employer who had not in fact received notice within the statutory peri-

od, raising the prejudice to the employer from the delay in receipt of notice in support of the decision.

The Court has little difficulty with the holding in *Airguide, supra,* insofar as it visits upon the E.E.O.C. the consequences of a breakdown in the notification system it selected. However in the instant case, defendants would deny an individual plaintiff his right of action because the notification system developed by someone else failed. In the case at bar, the Court is confronted with two innocent parties. The Court is most reluctant to impute to plaintiff a knowledge of the E.E.O.C. procedures and to require plaintiff to bear the burden of the failure of the mail delivery system. There are, moreover, only general allegations of prejudice to defendants. When confronted with a plaintiff who will be immediately and irreparably harmed by the loss of any cause of action he might have against defendants, and only the scantest allegations of prejudice to defendants resulting from the delay in notice, the Court finds that justice is best served by making an exception in this case to requirement of notice to the employer within 10 days of filing of the charge.[1] This result is supported by the decision of the Court of Appeals for the Ninth Circuit in *Gates v. Georgia Pacific Corp.,* 492 F.2d 292 (1974), wherein the Court allowed a plaintiff to proceed with a suit filed after the time allowed for the commencement of a suit under 42 U.S.C. § 2000e *et seq.,* finding that the delay arose because of an error by the E.E.O.C. *See also Mitchell v. Mid-Continent Spring Co.,* 466 F.2d 24 (6th Cir. 1972), *cert. denied,* 410 U.S. 928, 93 S.Ct. 1363, 35 L.Ed.2d 589 (1973). In this case, the Court finds that plaintiff should be allowed to proceed to seek relief under 42 U.S.C. § 2000e. As in *Gates, supra,* the consequences of whatever error

there was should not be borne by plaintiff. *Cf. DeMatteis v. Eastman Kodak,* 520 F.2d 409 (2nd Cir. 1975).

Defendants also contend that the letters of the E.E.O.C. to plaintiff constitute an improper "two-letter" system of notification which has been found unlawful in several Courts. *See, Harris v. Sherwood Medical,* 386 F.Supp. 1149 (E.D.Mo.1974); *Whitfield v. Certain-Teed Products Corp.,* 389 F.Supp. 274 (E.D.Mo.1974); *Taylor v. Intermountain Express Co.,* 394 F.Supp. 72 (N.D.Ill. 1975), and *Wilson v. Sharon Steel Corp., supra.*

The precise issue raised by defendants, and resolved favorably to defendants' position in the cases above, is that when plaintiff was advised by the E.E.O.C. on April 1, 1975 that conciliation efforts were at a standstill, the 90 day period in which plaintiff could file suit under 42 U.S.C. § 2000e–5(f)(1) began to run. Thus, this action was not timely filed. The Court does not disagree with the legal principle · involved in defendants' argument nor does it find the decisions cited above inappropriate. But the instant case does not involve the same "two-letter" system. In all of the above cases, the plaintiffs received letters from the E.E.O.C. advising them that the matter had been concluded administratively without a resolution of the issues involved and that if plaintiff desired to pursue the matter further, he should request a Notice of Right to Sue which would initiate the running of the 90 day period in which plaintiff could sue under 42 U.S.C. § 2000e–5(f)(1). The courts held that the requirement of the statute was that plaintiff be notified that administrative proceedings had been concluded. Once such notice had been given, the 90 day period began to run. The fact that the notice was not entitled a Notice of Right to Sue was not found

---

1. This decision also recognizes the argument of plaintiff that such notice is not required, a view with which the Court is not in agreement but which has validity in certain cases in which the statutorily required conciliation efforts by the E.E.O.C. have been found to be

non-jurisdictional in nature. *Gamble v. Birmingham Southern Railroad Co.,* 514 F.2d 678 (5th Cir. 1975) and *Johnson v. I. T. T.–Thompson Industries,* 323 F.Supp. 1258 (N.D.Miss. 1971).

significant. As the Court of Appeals for the Sixth Circuit observed recently in finding that the pursuit of arbitration did not toll the statutory limitations provided in 42 U.S.C. § 2000e *et seq.*:

> Under Guy's contention the exercise of rights under Title VII could be delayed indefinitely for many years while an individual is pursuing other remedies. This contention conflicts with Congressional intent made manifest by the short periods of time provided in the Act as prerequisites for the exercise of the rights. *Guy v. Int. Union of Elec., Radio and Mach. Wrkrs.,* 525 F.2d 124 (6th Cir. 1975).

But the letter of April 1, 1975, which is the letter defendants contend initiated the running of the 90 day period, contains a paragraph which is as follows:

> Negotiations in the instant case will not be resumed by the Commission unless the Charging Party submits the documentation requested by the Commission as of issuance of this notice. Should there be no change in the position of the Charging Party by the expiration of the period specified, the Commission will notify the Charging Party of the continuing right to request a Notice of Right to Sue in Federal Court.

This notice does not constitute an indication that all administrative proceedings have ended. Just the contrary; if plaintiff elected to supply the documentation requested, negotiations would have been reopened. The Court finds, therefore, that time in which plaintiff could sue did not begin to run at that time. From what has been presented, the Court can only find that plaintiff's 90 day period did not commence running until June 20, 1975. There being no dispute that this action was timely filed when measured against that date, this ground for defendants' motion is denied.

It is so ordered.

## MOTION FOR RECONSIDERATION

■ Defendants have moved for reconsideration of so much of this Court's Memorandum Opinion and Order, dated December 19, 1975 as denied the defendants' Motion to Dismiss premised on the allegedly improper "two-letter" system of notification used by the Equal Employment Opportunity Commission. The basis for the request for reconsideration is that the Court and defendants relied upon the wrong letter, that being the one sent to the defendant's counsel. The Court has found the language of this letter so inconclusive as to not be an indication that administrative proceedings had ended, which the Court determined to be the principle evolving from decisions finding the "two-letter" notice system improper. See *Harris v. Sherwood Medical,* 386 F.Supp. 1149 (E.D.Mo.1974); *Whitfield v. Certain-Teed Products Corp.,* 389 F.Supp. 274 (E.D.Mo.1974); *Taylor v. Intermountain Express Co.,* 394 F.Supp. 72 (N.D.Ill. 1975); *Wilson v. Sharon Steel Corp.,* 399 F.Supp. 403 (W.D.Pa.1975), and *Mungen v. Choctaw, Inc.,* 402 F.Supp. 1349 (W.D. Tenn.1975). In the motion for reconsideration, defendants point out that the letter actually received by *plaintiff* was not the same as that received by defendants but was, rather, precisely the same letter found in the cases cited above to have initiated the running of the 90 days period in which plaintiff could bring charges under 42 U.S.C. § 2000e *et seq.*

The facts of this case have been set forth previously and will be restated only in part. The notice to the plaintiff that conciliation had failed was given on April 1, 1975. See Exhibit A, Motion for Reconsideration. Plaintiff was thus notified that the E.E.O.C. had ended its efforts, and that is all that is required under 42 U.S.C. § 2000e–5(f)(1). That the E.E.O.C. improperly advised him as to when his right to sue in fact accrued is of concern to the Court, but the language of the statute is quite clear. Congress did not give the E.E.O.C. and the charging party the right to arrive at a "reasonable time" within which proceedings in the District Court should be instituted. In creating the rights provided in § 2000e, Congress required that actions be instituted within 90 days after concil-

iation efforts failed and neither the E.E.O.C. nor this Court may extend that period. *Guy v. Robbins & Myers, Inc.* *(Int. Union of Elec. Radio and Mach. Wrkrs. v. Robbins & Myers, Inc.)* 525 F.2d 124 (6th Cir. 1975). In this case, for example, plaintiff did not request the "right-to-sue" letter mentioned in the April 1, 1975 until June 20, 1975, and suit was not instituted until August 29, 1975, 150 days after the E.E.O.C. indicated that conciliation had failed.

The Court finds, therefore, that in order for plaintiff to assert the statutory rights provided in 42 U.S.C. § 2000e, he must comply with that statute. The efforts of conciliation ended April 1, 1975 and suit should have been instituted within 90 days of that time. It was not, and therefore the defendants' Motion to Dismiss must be granted.

It is so ordered.

### JUDGMENT

In accordance with the Memorandum Opinion and Order entered this date, the above-styled case is terminated and dismissed, each party to bear its own costs.

It is so ordered.