Catherine E. GARNEAU et al.

v.

RAYTHEON COMPANY et al.

Civ. A. No. 70-353-C.

United States District Court,
D. Massachusetts.

March 1, 1971.

Joseph D. Steinfield, Rya W. Featherston, Hill & Barlow, Boston, Mass., for plaintiffs.

Alfred C. Phillips, David L. Murphy, Jr., Nora Ford, Lexington, Mass., for Raytheon Co.

Walter H. Mayo, III, Asst. Atty. Gen., Robert J. Condlin, Deputy Asst. Atty. Gen., Boston, Mass., for Comm. of Mass. and Rocco Alberto, Commissioner of the Dept. of Labor and Industries.

OPINION

CAFFREY, District Judge.

This is a civil action brought by eight female employees of Raytheon Company against Raytheon Company, the Commonwealth of Massachusetts, and the

State Commissioner of the Department of Labor and Industries. Jurisdiction of this court is invoked under 28 U.S.C. § 1331(a), 28 U.S.C. § 1343(4), and 42 U.S.C. § 2000e–5(f).

Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

The amended complaint recites that plaintiffs are all female employees of Raytheon and residents of various Massachusetts communities; that beginning in February of 1967 each of the plaintiffs filed an application with Raytheon seeking advancement from Class 10 to Class 6, which applications were renewed on various occasions thereafter in accordance with the collective bargaining agreement between the Company and the International Brotherhood of Electrical Workers Local 1505, of which all of the plaintiffs are members. Four of the plaintiffs have never been advanced from Class 10 to the higher grade and four of the plaintiffs were advanced from Class 10 on various dates in 1968.

It is further alleged that on January 3, 1968, and on numerous subsequent occasions, the company has filled openings in the Class 6 level by hiring or promoting male employees, notwithstanding plaintiffs' pending applications. Plaintiffs allege that they are duly qualified for these promotions and that because of their sex they have been denied same as a result of discrimination on the part of Raytheon, with respect to compensation, terms, conditions and privileges of employment. The amended complaint also seeks a declaration that this is a class action on behalf of all similarly situated female employees of defendant Raytheon.

Count II of the amended complaint seeks a declaration that Mass.G.L. ch. 149, sec. 56, which provides that female employees shall not work more than nine hours in any one day and not more than forty-eight hours in any one week, is unconstitutional, because it is in conflict with the provisions of 42 U.S.C. § 2000e et seq., and that, therefore, in the light of the supremacy clause of the Constitution, Article VI, Clause 2, the state law may not be adhered to or relied upon by Raytheon. Discrimination on the part of Raytheon is alleged because of its practice of allowing male employees to work in excess of nine hours a day and in excess of forty-eight hours a week on an overtime basis.

Count III of the amended complaint alleges that defendant Commissioner of the Department of Labor and Industries is required by state law to seek to enforce Mass.G.L. ch. 149, sec. 56. Plaintiffs seek injunctive relief against the enforcement of the state law, declaratory relief regarding the invalidity thereof, and money damages, including reasonable attorneys' fees.

The matter came before the court upon plaintiffs' motion for partial summary judgment as to the prayers for a declaration that Mass. G.L. ch. 149, sec. 56, is unconstitutional; that female employees are entitled to the same opportunities with respect to hours of employment as are granted to male employees; for a permanent injunction directing Raytheon to extend to female employees the same overtime opportunities as are extended to male employees occupying the same employment status; and for a permanent injunction prohibiting the Commissioner, Department of Labor and Industries, from taking any steps to enforce Mass. G.L. ch. 149, sec. 56, insofar as it limits the number of hours which females covered by Title VII of the Civil Rights Act of 1964 may work. The matter also came before the court upon the motion of defendant Raytheon for summary judgment as to Counts I and II. The matter was briefed and argued by counsel.

Raytheon's motion for summary judgment as to Counts I and II is based on two grounds, (1) that Counts I and II should be dismissed because the amended complaint was filed more than thirty days after notice to the plaintiffs by the Equal Employment Opportunity Commission that it had been unable to effect voluntary compliance by Raytheon; and (2) that Count II should be

dismissed because the claim contained therein regarding overtime restrictions for women employees was not the subject of the charge submitted by plaintiffs to the Equal Employment Opportunity Commission.

■ 42 U.S.C. § 2000e–5(e) provides in pertinent part as follows:

"If * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved * * *."

Raytheon contends that the thirty-day period began on January 19, 1970, when plaintiffs received a copy of a letter sent to Raytheon's counsel by the Regional Director of the Equal Employment Opportunity Commission. Raytheon relies on that portion of the Regional Director's letter which stated: "We are notifying all of the Charging Parties by copies of this letter, that our conciliation effort has been terminated as unsuccessful." What Raytheon overlooks in making this contention is another portion of the Regional Director's letter, stating: "You will be duly advised when the Notices of Right to Sue have been sent to the Charging Parties." Affidavits on file indicate that notices of the right to sue were received by some plaintiffs on February 27 and 28 and by others on March 13 and 14, 1970. Thus, the complaint, which was filed on March 2, 1970, and was amended to include additional plaintiffs on March 31, 1970, is obviously within thirty days of the receipt by plaintiffs of the notices of right to sue.

42 U.S.C. § 2000e–5(e) directs the Commission, when unable to obtain voluntary compliance, to "so notify the person aggrieved. * * *" Notice is defined as follows in 29 C.F.R. 1601.25:

"Notification to an aggrieved person shall include: (a) A copy of the charge. (b) A copy of the Commis-

sion's determination of reasonable cause. (c) Advice concerning his right to proceed in court under Section 706(e) of Title VII."

A reading of the January 19, 1970 letter from the Regional Director establishes that that letter did not contain element (c) of the definition of "notice" spelled out in 29 C.F.R. 1601.25. Consequently, that letter did not start the running of the thirty-day period, with the result that the period did not begin to run until plaintiffs received notices of right to sue on February 27 and March 13, from which it follows that the instant complaint was timely filed.

Raytheon's second contention, as to the scope of the Commission's decision, does not warrant extended discussion. See King v. Georgia Power Co., 295 F. Supp. 943, 947 (N.D.Ga., 1968), to the effect that:

"The correct rule is that the complaint in the civil action is confined to those issues the original complaint has standing to raise, but may properly encompass any such discrimination like or reasonably related to the allegations of the charge and growing out of such allegations during the pendency of the case before the Commission."

See, also, Sciaraffa v. Oxford Paper Company, 310 F.Supp. 891 (D.Me., 1970), wherein Judge Gignoux pointed out, at 898:

" * * * the courts have generally required no more than that the charge provide the Commission with general notice of the matter to be investigated, and that the issues properly presented in a subsequent court action may include those which grow out of or are reasonably related to the Commission's investigation." (citations omitted.)

The proper standard to be utilized in measuring the allowable scope of the complaint and in resolving the question of whether or not the petition filed in a federal district court is within the complaint lodged with the Equal Employ-

**394**

ment Opportunity Commission is stated clearly and succinctly in an *amicus* brief submitted by the Commission in Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5 Cir., 1970). The court quoted, with approval, from the Commission's brief as follows, at 466–467:

> "Section 706 * * * contemplates the filing of charges by persons untutored in the technicalities of the law and who may not, at that time, be able to fully articulate their grievances or be aware of the full panoply of discriminatory practices against them or others similarly situated. * * * The Commission which must operate on the basis of the administrative charge, rarely drawn by an attorney, must therefore view the charge in its broadest reasonable sense in order to effectively attempt to eliminate, by the administrative process, the discriminatory practices and policies which it finds. * * * [The Commission would be unsuccessful] if the federal courts were not in a position to view the complaint filed in a § 706 proceeding as broadly as the Commission views the charge."

The papers filed in support of the motions indicate that the claimed denial of overtime clearly falls within "issues * * * which grow out of or are reasonably related to the Commission's investigation," because the letter of January 19, 1970 from the Regional Director to Raytheon's Industrial Relations Counsel specifically referred to the fact that Raytheon considers itself obligated, under the present state of Massachusetts law, to comply with the state's statutory requirements establishing maximum hours of employment for women. This reference was certainly adequate to bring a complaint regarding not being allowed to work overtime within the proper ambit of a complaint filed timely after receipt of the notice of right to sue. Accordingly, defendant Raytheon's motion for summary judgment is denied as to both grounds.

With regard to plaintiffs' motion for partial summary judgment, since all parties conceded at the oral argument of this matter that there exists a head-on and irreducible conflict between 42 U.S.C. § 2000e–2(a) and Mass. G.L., ch. 149, sec. 56, it is obvious that the state law must yield to the federal law. As was pointed out in Gibbons v. Ogden, 22 U.S. 1 at 211 (9 Wheat. 1 at 211), 6 L.Ed. 23 (1824):

> "The nullity of any act, inconsistent with the constitution, is produced by the declaration that the constitution is the supreme law. The appropriate application of that part of the clause which confers the same supremacy on laws * * * is to such acts of state legislatures as do not transcend their powers, but though enacted in the execution of acknowledged state powers, interfere with, or are contrary to, the laws of congress * * *. In every such case, the act of congress * * * is supreme; and the law of the state * * * must yield to it."

It should be noted that a three-judge court need not be convened for the purpose of making a ruling that a state statute is unenforcible because of a direct conflict with a federal statute, i.e., this situation does not come within the purview of 28 U.S.C. § 2281. Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1939); Penagaricano v. Allen Corporation, 267 F.2d 550 (1 Cir. 1959).

Accordingly, plaintiffs' motion for partial summary judgment is allowed on the basis of the federal statute, and an order will be entered, simultaneously with the filing of this opinion, directing that the provisions of the federal law control the conflicting provisions of state law, and that female employees of defendant Raytheon are entitled to the same overtime opportunities that are granted to male employees of Raytheon; that defendant Raytheon be permanently enjoined from refusing to extend to female employees the same overtime opportunities given to male employees occupying the same employment status; and enjoining the Commissioner of the Department of Labor and Industries,

Commonwealth of Massachusetts, from taking any steps to enforce the provisions of Mass. G.L., ch. 149, sec. 56, insofar as it limits the number of hours which females covered by the Civil Rights Act of 1964 may work.