385 F.Supp. 184 (1974)
Hazel TUFT, Individually, and Hazel Tuft, as a member of a class of female employees of McDonnell Douglas Corporation, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 74-422 C (1).
United States District Court, E. D. Missouri, E. D.
November 12, 1974.
*185 Louis Gilden, St. Louis, Mo., for plaintiff.
Hollye E. Stolz, George S. Hecker, Dennis C. Donnelly, Francis M. Gaffney, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on defendant's motion to dismiss, motion for stay of discovery, and alternative motions to strike. Defendant's motion to dismiss will be granted. The other motions need not be dealt with.
Defendant asserts that this cause must be dismissed because the Court lacks subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-5(f) (hereinafter referred to as "Title VII" or "the Act"). The basis for this argument is that the suit was not brought within ninety days of the receipt of the statutory notice of failure of conciliation from the Equal Employment Opportunity Commission (hereinafter "EEOC") as required by the Act.
On or about August 13, 1971, plaintiff filed a complaint with the EEOC alleging discrimination on account of her sex. After investigation and conciliation efforts, the EEOC sent plaintiff a letter on February 13, 1974, informing her that conciliation efforts had failed. The pertinent parts of the letter state:
"This is to inform you that conciliation efforts in your case have failed.
"Anytime now, you may request your letter of Right to Sue. This is done by requesting, in writing, from the District Director, Mr. Eugene P. Keenan.
"When you request your letter of Right to Sue, you have only 90 days to get a lawyer to file suit for you in Federal District Court. It is not wise to request your Right to Sue letter until you have obtained a lawyer who has agreed to represent you."
On the same date, the EEOC sent a letter to defendant stating that conciliation efforts were terminated.
On June 14, 1974, the EEOC sent a second letter to plaintiff entitled "Notice of Right to Sue within 90 Days." The pertinent parts of that letter state:
"YOU ARE HEREBY NOTIFIED THAT:
"WHEREAS, This Commission has not filed a civil action with respect to your charge as provided by Section 706(F)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.: and,
"WHEREAS, this Commission has not entered into a conciliation agreement to which you are a party;
"THEREFORE, pursuant to 706 (F) of Title VII, you may, within 90 days of your receipt of this Notice, institute a civil action in the United States District Court having jurisdiction over your case. *186 "Should you decide to commence judicial action, you must do so within 90 days of the receipt of this letter or you will lose your right to sue under Title VII."
On June 20, 1974, plaintiff filed her complaint in this lawsuit.
It is well settled that suit must be brought within ninety days of the receipt of the notice required by Title VII in order for the courts to have subject matter jurisdiction. Goodman v. City Products Corp., 425 F.2d 702, 703 (6th Cir. 1970). The question presented here is, when does that ninety days begin to run? Defendant asserts that the period began with the letter of February 13, 1974, and, therefore, the suit was not timely brought. Plaintiff argues that the period did not start until the receipt of the June 14, 1974, letter and there, therefore, the suit was timely.
The pertinent language in the statute reads:
"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved."
There is no mention in the statute of a "Right to Sue" letter. The only notice required is that which notifies the plaintiff that efforts to conciliate have failed. Once such notice is given, the ninety day period begins to run. The idea that more information should be put into the notice came not from Congress, but from the EEOC in their regulations. 29 C.F.R. 1601.25. While the additional information regarding the right to sue may be of some benefit, it does not change the fact that only notice of failure of conciliation is required to start the statute of limitations running. The letter of February 13, 1974, contained all the notice that is required by the Act to start the ninety-day period running.
By sending two letters, the EEOC seems to be attempting to circumvent the statute of limitations that Congress put into the Act. If this policy were to be affirmed by the Court, it would effectively eliminate the statute of limitations. A limitation period that may be begun at the request of the plaintiff in his sole discretion, is for all practical purposes, no statute of limitations at all. Such limitation periods are put in statutes by Congress for a purpose, and it would be an intrusion into the legislative function for a court to render it meaningless by affirming an administrative practice that seeks to obviate the clear intent of Congress. The Supreme Court, dealing with the statute of limitations in a statute concerning tax refunds, stated:
"Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Rosenman v. United States, 323 U.S. 658, 661, 65 S.Ct. 536, 89 L. Ed. 535. Remedies for resulting inequities are to be provided by Congress, not the courts." Kavanagh v. Noble, 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947).
The wording of the Act clearly indicates that the notice is to be given immediately upon the failure of conciliation. In the case at bar, notice of the failure of conciliation was given at that proper time. The EEOC's attempt to postpone the running of the ninety-day period until the plaintiff requests some further notice is of no effect.
Plaintiff cites cases where the term "Right to Sue Letter" or similar terms were used by the courts. Local 179, United Textile Workers v. Federal Paper *187 Stock Co., 461 F.2d 849 (8th Cir. 1972). However, none of those cases involved the two-letter situation involved here and the substance of the notice was not in issue.
Plaintiff also asserts that the rights of private plaintiffs should not be cut off by procedural errors of the EEOC. While there are cases to this effect, they did not deal with a procedure that so clearly goes against the purposes of the Act. Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969). Plaintiff also cites a recent case in this district that denied a motion to dismiss on similar facts to the case at bar. Cresswell v. Pepsi-Cola Bottling Co., 74-312C(3), (E.D.Mo.1974). However, the issue of the effect on the statute of limitations by the two-letter procedure was not raised by the parties, and, therefore, not considered by the Court.
It is the conclusion of this Court that the language of the Act is clear and unambiguous as to what notice is required to start the statute of limitations running and that this suit was brought after the time had run out. Therefore, this Court does not have jurisdiction over the subject matter of this suit. Defendant's motion to dismiss will be granted.