**Melvin D. GARNER, Plaintiff,**

v.

**E. I. DU PONT DE NEMOURS & COMPANY, Defendant.**

**Civ. A. No. 75–526.**

United States District Court, South Carolina, Columbia Division.

June 9, 1975.

Herbert E. Buhl, III, Richard J. Whitaker, Columbia, S. C., for plaintiff.

Homer L. Deakins, Jr., Thompson, Ogletree & Deakins, Greenville, S. C., and Gardner G. Courson, Thompson, Ogletree & Deakins, Atlanta, Ga., and Jerry H. Brenner, Wilmington, Del., for defendant, E. I. du Pont de Nemours & Co.

## ORDER

HEMPHILL, District Judge.

This is a civil action for declaratory and injunctive relief and back pay for alleged acts of discrimination against plaintiff because of his religious beliefs and practices. The action is instituted under the provisions of 42 U.S.C. § 2000e, et seq., as amended.[1] Plaintiff claims that after July 1, 1970, when he became affiliated with the World Wide Church of God, the tenets of which prescribe Sabbath worship on Saturday,[2] he duly notified defendant of his religious beliefs, but defendant continued to schedule plaintiff for work on Saturday, and on September 4, 1970, discharged him from his employment and otherwise discriminated against him because of his religion. He alleges that in due time he filed a charge of unlawful employment termination with the Equal Employment Opportunity Commission, has exhausted all administrative reme-

---

1. Title VII, Civil Rights Act of 1964.

2. Between the hours of sunset Friday and sunset Saturday.

dies, and has instituted this action on April 2, 1975, within the 90-day limit prescribed by law, claiming that his Notice of Right-To-Sue letter was received by plaintiff on or about January 4, 1975.

Defendant, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, moved to dismiss on the ground that the court lacks subject matter jurisdiction and that plaintiff has failed to bring the action within 90 days of the receipt of the statutory notice of failure of conciliation, as indicated by defendant's exhibit "A" attached to the motion.[3] The record reveals that, on January 3, 1975, the EEOC, by certified mail, return receipt requested, presented to the plaintiff another letter, in care of his present attorney, which reads as follows:

Mr. Melvin Garner
c/o Herbert E. Buhl, III, Esq.
Buhl, Smith and Bagby
2016½ Green Street
Columbia, South Carolina. 2905

Dear Mr. Garner:

This is to advise you that conciliation efforts in the above matter have failed to achieve voluntary compliance with Title VII of the Civil Rights Act of 1964, as amended.

Pursuant to Section 706(f)(1) of the Act, you are hereby notified that you may within ninety (90) days after the receipt of this letter, institute a civil action in the appropriate Federal District Court. If you are unable to retain an attorney, the Federal Court is authorized in its discretion, to appoint an attorney to represent you and to authorize the commencement of the suit without payment of fees, costs or security. If you decide to institute suit and find you need such assistance, you may take this letter, along with the Commission's Determination, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you.

Please feel free to contact this office if you have any questions about this matter.

Very truly yours,
/s/ McPherson, Jr.
T. McPherson, Jr.
District Director

cc: E. I. Dupont

An affidavit of Henry L. de Give, Deputy District Director of the EEOC for the Atlanta District, dated 21 April 1975, does not state that the letter was at the insistence of plaintiff's counsel, although the affidavit was made at the request of such counsel, but the address on the letter would indicate that plaintiff hired counsel prior to January 3rd, within the 90-day period from November 21, and that counsel had probably requested the letter of January 3rd. Defendant's motion is obviously based on its claim that plaintiff failed to timely file suit on its Title VII claim after receipt of notice that the Equal Employment Opportunity Commission's conciliation efforts had failed.

It is obvious that the letter of November 21, 1974 did not actually inform the plaintiff of his right to bring a suit under Title VII and made no reference to the commencement or duration of the time period within which such action must be filed. The letter of January 3, on the other hand, is entitled, "Notice of Right to Sue Within 90 Days" notifies plaintiff that he could institute the civil action under Title VII in the appropriate United States District Court within 90 days of the receipt of that letter. This suit was filed within 90 days of the letter of January 3, 1975.

The issue thus squarely presented to this court is whether the 90-day period within which the suit must be filed began to run upon receipt of the first or the second letter from the EEOC; i. e., whether the statutory period commenced to run with the letter of November 21, 1974, or with the letter of January 3, 1975. If the 90-day period must

---

**3.** This letter, dated November 21, 1974, from EEOC advises plaintiff:

"This letter confirms that our efforts have been unsuccessful in the conciliation of the above referenced case. Pursuant to Section 706(f) of Title VII, you may request the right to sue, if you so desire."

run from the receipt of the initial letter, this civil action was not filed until the time period had expired.[4]

Ordinarily Title VII jurisdictional prerequisites are satisfied:

(1) By the filing time of the charges of employment discrimination with the Commission, and

(2) By receiving and acting upon the Commission's statutory notice of the right to sue.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 799, 93 S.Ct. 1817, 1822, 36 L.3d.2d 668 (1973); *Alexander v. Gardiner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *De Matteis v. Eastman Kodak*, 511 F.2d 306 (2d Cir. 1975). The 90-day requirement and other requirements are drawn directly from Section 706(f)(1).[5]

It is obvious, therefore, that the complainant must not only receive and act upon the appropriate notice of the EEOC, but he must do so in timely fashion since compliance with the 90-day limitation period gives "a mandatory and jurisdictional condition to asserting a private suit." That the commencement of the action within the applicable 90-day statutory limitation is a jurisdictional fact is no longer questioned. *Genovese v. Shell Oil Corp.*, 488 F.2d 84 (5th Cir. 1973); *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973); *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir. 1968), *De Matteis v. Eastman Kodak, supra.* The critical issue here is what type of notification from the EEOC is necessary to commence the running of the statutory period for filing suit.

Defendant argues that the 90 days commenced to run upon plaintiff's receipt of the first letter advising him that conciliation efforts had been unsuccessful. Plaintiff responds by insisting that such letter was never intended nor designed to trigger the beginning of the statutory period but that the statutory period began when the letter, appropriately styled "Notice of Right to Sue Within Ninety Days," actually informing him of his right to institute the civil action, was received. Plaintiff further contends that such an interpretation is required by equitable regulations promulgated under the rule making power of EEOC, and the liberal construction generally applied to Title VII in order to accord its purposes. This court is persuaded in part by the great American tradition, that,

---

**4.** There is no showing in the record when the plaintiff received the letter of November 21, but on page 32, and again on page 34, of his deposition taken May 3, 1975, he acknowledged that he received the letter, and it must be presumed that it would be in normal course of the mails. Even if it took as much as 10 days for the letter to reach Lexington from Atlanta, under the present status of the mails, it is obvious that he did not file his suit within the 90-day period of the November 21 letter.

**5.** 42 U.S.C. § 2000e–5(f)(1), which, in relevant part provides that:

(f)(1). If within thirty days after a charge is filed with the Commission or within thirty days after the expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge.

\*　\*　\*　\*　\*　\*

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section, or the Attorney General has not filed a civil action in the case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, or by any person whom the charge alleges was aggrieved by the unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

wherever possible, a litigant be given his "day in court", and the application of *stare decisis* (which continues to be a matter of consequence at the trial level of the federal system).

■ Inevitably, there is a conflict between what the Congress has legislated by statute, and what the Commission has put into regulations. The statutes and the regulations provide certain time limits after which a party can presume that the administrative pleadings have ended and that he could seek relief in the federal court. In order to make definite and certain that the Commission's proceedings in the course of administrative remedies have terminated, the Commission invented and put into the regulations Section 1601.25 which provided for the "Notice-of-Right-To-Sue" letter. This comes under the subdivision of subpart "b" of the Procedural Regulations entitled, "Procedure after Failure of Conciliation" —a portion of the regulations having nothing whatsoever to do with the present case, which was terminated at the investigative stage. The purpose of the notice of the right to sue was to fix a definite time when the administrative remedies had ended and when the 90-day statute of limitations for bringing a suit in the federal court began to run. It applies only to dismissal of charges or other terminations of the administrative proceedings which took place after the effort of conciliation and only in cases in which the Commission had found there was no reasonable cause to believe that the charge was true.[6]

■ 42 U.S.C. § 2000e–5 provides but for one 90-day limitation for bringing of actions and that is in subsection (f)(1). One of the circumstances prescribed that which has occurred in this case, in that the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, whereupon, Commission is charged with notifying the aggrieved person and within 90 days after the giving of such notice, his civil action may be brought. Subsection (b) requires the Commission to give the notice promptly; the duty was fully complied with in this case, the 90-day statute of limitation within which Garner could bring the action started to run on November 21, 1974. The jurisdiction of this court to hear and consider this suit is dependent upon its being brought within that 90-day limitation. As is reasoned in *De Matteis v. Eastman Kodak, supra*:

> The effect of a contrary holding would be that in all subsection (b) cases of dismissal by the Commission, after investigation and a determination that there is not reasonable cause to believe that the charge is true (which constitutes a complete and final disposition of the case by the Commission), followed by the required prompt notice to the aggrieved, the 90-day statute of limitations running from the date of the notice could be extended indefinitely until the aggrieved, weeks or months later, asked the Commission to issue to him a second or "Right to Sue" notice, to start another 90-day limitation period running. The Commission has no such regulatory power. *Id.* at 311.

The United States District Court for the Eastern District of Missouri has entertained companion cases of similar circumstances to the case at bar, *Whitfield v. Certain-Teed Products Corp.*, 389 F.Supp. 274 (E.D.Mo. 1974), *Tuft v. McDonnell Douglas Corp.*, 385 F.Supp. 184, 186 (E.D.Mo.1974), and *Harris v. Sherwood Medical Industries*, 386 F.Supp. 1149 (E.D.Mo.1974). Each of the cases involves a two-stage, post conciliation communication, almost identical to that which exists here. Each complainant received a letter informing him that conciliation efforts had failed and that he might request the right to sue if he so desired. They each received a second letter expressly informing him of the right to sue within 90 days of that notice. In each case the plaintiff brought suit within 90 days of the second notice, but not within 90 days of the first. The *Tuft* case expressed the reasoning in each of the cases:

6.  *De Matteis v. Eastman Kodak*, page 310.

There is no mention in the statute of a "Right to Sue" letter. The only notice required is that which notifies the plaintiff that efforts to conciliate have failed. Once such notice is given, the ninety day period begins to run. The idea that more information should be put into the notice came not from Congress, but from EEOC in their regulations. 29 C.F.R. 1601.25. While the additional information regarding the right to sue may be of some benefit, it does not change the fact that only notice of failure of conciliation is required to start the statute of limitations running.

.    .    .    .    .

By sending two letters, the EEOC seems to be attempting to circumvent the statute of limitations that Congress put into the Act. If this policy were to be affirmed by the Court, it would effectively eliminate the statute of limitations. A limitation period that may be begun at the request of the plaintiff in his sole discretion, is for all practical purposes, no statute of limitations at all. Such limitation periods are put in statutes by Congress for a purpose, and it would be an intrusion into the legislative function for a court to render it meaningless by affirming an administrative practice that seeks to obviate the clear intent of Congress.

.    .    .    .    .

The wording of that Act clearly indicates that the notice is to be given immediately upon the failure of conciliation. In the case at bar, notice of the failure of conciliation was given at that proper time. The EEOC's attempt to postpone the running of the ninety-day period until the plaintiff requests some further notice is of no effect.

.    .    .    .    .

It is the conclusion of this Court that the language of the Act is clear and unambiguous as to what notice is required to start the statute of limitations running and that this suit was brought after the time had run out.

These cases reflect the reasoning in *De Matteis* that:

> The purpose of the notice of right to sue was definitely to fix a time when the administrative remedies had ended and when the 90-day statute of limitations for bringing a suit in the federal court began to run. 511 F.2d at 310.

We are faced with a conflict of whether procedures employed and effected by Congress shall be followed, or control of the limitation period shall be put in the hands of EEOC.

This court is in receipt of the able opinion in *Barfield v. ARC Security, Inc.* (Civil Action No. C–74–2448–a of the United States District Court for the Northern District of Georgia, Atlanta Division), published April 25, 1975, in which the court reasoned:

> The frequent judicial references to a "right to sue" letter or notice cannot be read as an endorsement of the plaintiff's apparent argument that the ninety days commence to run only after receipt of a communication which is labelled in substantially those terms and which provides information in satisfaction of 29 C.F.R. § 1601.25(a). Such terminology is apparently derived from the language of certain regulations promulgated by the EEOC and has generally been employed by the courts simply to describe the legal consequence, and not the necessary contents, of notification under Section 706(f)(1). Furthermore, even if the plaintiff's position is supported by the language of 29 C.F.R. § 1601.25, such regulations and the interpretation afforded them by the EEOC are binding upon the courts only to the extent that they are consistent with the clear and express dictates of the statute. *De Matteis v. Eastman Kodak Co.*, supra; see also *Beverly v. Lone Star Lead Const. Corp.*, 437 F.2d 1136 (5th Cir. 1971).

In ruling that Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 did not preclude the Commission from bringing any action it pursued within the 180-day limitation of the statute, the Fifth Circuit Court of Appeals, in *Equal Employment Opportu-*

*nity Commission v. Louisville & Nashville Railroad Company*, 505 F.2d 610, 613–14 ruled:

> If a statute creating a new cause of action contains a time limit, that limit is a restriction on the right itself. Such restrictions usually are construed more strictly than ordinary statutes of limitation.

and

> Other provisions of the Act do not contain explicit limitations. For example, the private right of action authorized by Section 706(f)(1) contains a definite 90-day limitation on such suits. The private suit limitation makes the absence of any specific limit for Commission actions all the more conspicuous, and the difference must be taken to be intentional. (613).

█ Plaintiff, in effect, asks this court to negate the purpose of the limitation period legislated by Congress, and issue a decision upholding the EEOC's dual letter system. If this court were to allow the EEOC to substitute the dual notices of its regulations for the single notice of Section 706(f)(1), the court would be permitting an administrative agency to expand the jurisdiction of the federal district courts. Obviously, such a result is in direct conflict with the congressional purpose of enacting Section 706(f)(1) and cannot be condoned by this court. Moreover, to the extent that the EEOC's regulations produce this effect, they should be declared invalid. See *Espinoza v. Farah Manufacturing Co.*, 414 U.S. 86, 94–95, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973); *De Matteis v. Eastman Kodak Co., supra.*

Counsel for plaintiff have cited certain authorities upon which they rely. They argue that the courts should be liberal in the application of the statute and should not penalize plaintiff for the acts or omissions of the EEOC (e. g. the failure to use the language "Notice of right to sue" or the equivalent in the November 21 letter). This court has examined these authorities and finds that they are distinguishable and not controlling. In *Veazie v. Southern Greyhound Lines*, 374 F.Supp. 811 (E.D.La.

1974) the EEOC failed to notify defendant properly and promptly, and the court held that the absence of notice to Greyhound was not a jurisdictional prerequisite for a civil action by an aggrieved employee. In *Belcher v. Bassett For Nature Industries, Inc.*, 376 F.Supp. 593 (W.D.Va.1974) the court granted defendants' motion for summary judgment where the facts showed a lack of subject matter jurisdiction as to the sex discrimination claim of plaintiffs as a class where a charge of such discrimination was never placed before the EEOC. In *Franks v. Bowman Transportation Company*, 495 F.2d 398 (5th Cir. 1974) the second letter triggered the running of the statutory period *only* because the first letter was never received by the employee. In *Goodman v. City Products Corp., Ben Franklin Division*, 425 F.2d 702 (6th Cir. 1970), the court upheld a dismissal of the complaint where plaintiff filed on the 31st day after receiving the Notice (the statute formerly provided 30 days, was amended in 1972 to provide 90 days). In *Cox v. U. S. Gypsum Co.*, 409 F.2d 289 (7th Cir. 1969) no notice was given, so the statute could not begin to run until the notice. In *Garneau v. Raytheon Co.*, 323 F.Supp. 391 (D.Mass.1971), the court held that the Regional Director's first letter did not time the running of the statute when it stated, "You will be duly advised when the Notices of Right to Sue have been sent to the Charging Parties." Other cases relied on have been discussed herein.

Applying the rationale of the above cases to the instant litigation, it is abundantly clear that the EEOC discharged its statutory obligation by notifying the plaintiff that conciliation efforts had failed in the EEOC's letter of November 21, 1974. That notification, therefore, commenced the running of the statutory 90-day limitation period in which the plaintiff could timely bring an action under Title VII. Accordingly, on or about February 20th to March 1st of 1975, the 90-day limitation period expired, and this court is therefore without jurisdiction of the subject matter of this action which was filed on April 2, 1975, approxi-

mately 120 to 127 days after the plaintiff received proper notice under Title VII.

Defendant's motion to dismiss is granted on the ground that the court is without subject matter jurisdiction over the controversy.

AND IT IS SO ORDERED.