**Harold DOMAN**

v.

**SKF INDUSTRIES, INC. and United Steelworkers of America, AFL–CIO, Local 2898.**

**Civ. A. No. 74–2258.**

United States District Court,
E. D. Pennsylvania.

July 29, 1975.

Harold T. Commons, Jr., Philadelphia, Pa., for plaintiff.

Norman M. Berger, Carter R. Buller, Philadelphia, Pa., William H. Schmelling, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before this Court is SKF Industries' ("SKF") motion to dismiss, for lack of subject matter jurisdiction, those allegations contained in plaintiff's complaint pertaining to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* SFK contends that plaintiff failed to timely file this action within ninety (90) days, as required by 42 U.S.C. § 2000e–5(f)(1),[1] after he received notice from the Equal Employment Opportunity Commission ("EEOC") that it had failed to resolve his claim against defendants through conciliation. For the reasons stated below, the motion will be denied.

Plaintiff filed charges against defendants with the EEOC, alleging acts of race and sex discrimination. Unable to reach a voluntary settlement with de-

---

1. 42 U.S.C. § 2000e–5(f)(1) states in pertinent part:

  If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. . . .

  (Emphasis added.)

  As originally enacted, a complainant had thirty (30) days after such notice to bring a civil action. See 42 U.S.C. § 2000e–5(e) (1970).

fendants, the EEOC on April 25, 1973, sent plaintiff a letter which stated in pertinent part:

> This is to advise you that attempts to reach a settlement of the above-referenced cases were unsuccessful. We are, therefore, forwarding the case to our Regional Litigation Office for review for possible litigation. You will be notified of the outcome of this review.[2]

On July 23, 1974, the EEOC, pursuant to its regulations,[3] sent plaintiff a statutory notice of his right to sue in the appropriate federal district court within 90 days of his receipt of the same notice.[4] Plaintiff's complaint was filed August 30, 1974, and served on SKF September 12, 1974, within 90 days after receipt of the July 23, 1974, letter, but more than 90 days after receipt of the April 25, 1973, letter. The issue presented is which letter triggered the 90-day limitation period of 42 U.S.C. § 2000e–5(f)(1).

Decisions by other courts addressing this issue have been few in number and diverse in their outcome. The Eighth Circuit in *Tuft v. McDonnell Douglas Corporation,* 517 F.2d 1301 (8th Cir. 1975), after a thorough analysis of legislative history and relevant case law, held that it was the right-to-sue letter ("second letter"), and not the failure to reach conciliation letter ("first letter"), which triggered the 90-day limitation. In so holding, the Court of Appeals reversed the lower court, which had found the first letter to be controlling, and impliedly reversed two other district court opinions, upon all three of which SKF heavily relies. *Tuft v. McDonnell Douglas Corporation,* 385 F.Supp. 184 (E.D. Mo.1974); *Harris v. Sherwood Medical Industries, Inc.,* 386 F.Supp. 1149 (E.D. Mo.1974); *Whitfield v. Certain-Teed Products Corporation,* 389 F.Supp. 274 (E.D.Mo.1974). Similarly, a district court held in *Garneau v. Raytheon Company,* 323 F.Supp. 391 (D.Mass. 1971), that the time limitation did not start to run until the aggrieved party received a notice of the right to sue.[5] Notwithstanding the Eighth Circuit's decision in *Tuft v. McDonnell Douglas Corporation, supra,* a district court in

---

2. Approximately forty-three (43) days after receipt of this letter, plaintiff, on June 7, 1973, requested a right-to-sue letter. No such letter was issued at that time by the EEOC, apparently in contravention of its own regulations. *See* 29 C.F.R. 1601.25b(c).

3. The pertinent Commission regulation provides:

PROCEDURE AFTER FAILURE OF CONCILIATION

§ 1601.25 Notice to respondent, person filing a charge on behalf of the aggrieved person and aggrieved person.

(a) In any instance in which the Commission is unable to obtain voluntary compliance as provided by Title VII, as amended, it shall so notify the respondent, the person filing a charge on behalf of the aggrieved person, the aggrieved person or persons, and any State or local agency to which the charge has been previously deferred pursuant to § 1601.12 or § 1601.10. Notification to the aggrieved person shall include:

(1) A copy of the charge.

(2) A copy of the Commission's reasonable cause or no reasonable cause determination as appropriate.

(3) Advice concerning his or her rights to proceed in court under Section 709(f)(1) [sic: 706(f)(1)] of Title VII.

(b) The Commission hereby delegates to its District Directors, Deputy District Directors, and the Dierctor [sic] of Compliance, the authority to issue Notices of Right-To-Sue on behalf of the Commission in all cases except those in which a government, governmental agency or political subdivision is named in the charge, pursuant to the procedures set forth in paragraph (a)(2) and (3) of this section.

4. The letter reads in pertinent part:

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

Pursuant to Section 1601.25a(c) of Title 29 of the Rules and Regulations of this Commission, you are hereby notified that you may, within ninety (90) days of receipt of this communication, institute a civil action in the appropriate Federal District Court.

5. It should be noted that *Garneau* was concerned with a 30-day limitation. *See* note 1 *supra.*

*Kelly v. Southern Products Company,* No. 19243 (N.D.Ga., filed June 16, 1975), held that a civil action instituted under Title VII is barred if it has not been brought within 90 days after the aggrieved party's receipt of the failure to reach conciliation letter. *Cf. DeMatteis v. Eastman Kodak Company,* 511 F.2d 306 (2d Cir. 1975). We note the above cases merely for the purpose of illuminating the problems raised by the EEOC's "two-letter" approach, as it is not necessary to decide which letter controls for reasons more fully set out below.

Assuming, *arguendo*, that the first letter should trigger the 90-day period, the Supreme Court has noted that a prerequisite to a federal action under Title VII is the receipt of the EEOC's statutory notice of the right to sue. 29 C.F.R. § 1601.25. In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973), the Court stated:

> Respondent satisfied the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue, 42 U.S.C. §§ 2000e–5(a) and 2000e–5(e).

Subsequently, the Court reiterated that the time limitation period begins to run upon receipt of a specific notice of the

right to sue. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Some circuit courts have indicated that a notice of failure of conciliation which *also* contains a notice of the right to sue will start to run the limitation period, *Huston v. General Motors Corporation,* 477 F.2d 1003, 1006 (8th Cir. 1973); *Local 179, United Textile Workers of America, AFL–CIO v. Federal Paper Stock Company,* 461 F.2d 849, 851 (8th Cir. 1972); and *Goodman v. City Products Corporation, Ben Franklin Division,* 425 F.2d 702, 703 (6th Cir. 1970),[6] while others have indicated that a notice of a failure of conciliation alone will satisfy the statutory requirement. *Genovese v. Shell Oil Company,* 488 F.2d 84, 85 (5th Cir. 1973); *Cunningham v. Litton Industries,* 413 F.2d 887, 890 (9th Cir. 1969); and *Choate v. Caterpillar Tractor Company,* 402 F.2d 357, 359 (7th Cir. 1968). However, these decisions do not control the instant case because in each of the cases cited, including the two Supreme Court cases, the plaintiff instituted a federal court action within the applicable time period after receiving either a notice of failure of conciliation or a notice of failure of conciliation which *also* contained a notice of the right to sue. Thus, the question presented here, although alluded to in dicta was not formally addressed by those courts.[7]

---

**6.** *See Black Musicians of Pittsburgh ·v. Local 60–71, American Federation of Musicians, AFL–CIO,* 375 F.Supp. 902, 906 (W.D.Pa. 1974), wherein the court stated that "within ninety days after the giving of such notice (a right to sue letter) a civil action may be brought against the respondent named in the charge." (Citation omitted.)

**7.** The EEOC has recently attempted to rectify this problem by requiring the notice of failure of conciliation and the notice of a right to sue to be contained in the same letter. However, such notice will not be sent out until a reasonable time (usually 30 days) after the EEOC decides it will not bring a civil action, which is sometime *after* there has been a failure to reach conciliation.

*See* EEOC, DIRECTIVES TRANSMITTAL, No. 146, Section 66–6, Exhibit 66–D (April 4, 1975). For discussions of the validity of such a delay *see Tuft v. McDonnell Douglas Corporation, supra* at 1309 n. 15; *Franks v. Bowman Transportation Company,* 495 F.2d 398, 404 n. 6 (5th Cir. 1974), *cert. granted,* 420 U.S. 989, 95 S.Ct. 1421, 43 L.Ed.2d 669 (1975); *Miller v. International Paper Company,* 408 F.2d 283, 286 n. 12 (5th Cir. 1969); and *Choate v. Caterpillar Tractor Company, supra* at 361. *Cf. DeMatteis v. Eastman Kodak Company, supra* at 311 n. 7. Since this directive was promulgated subsequent to the notices sent in this case, we need not express an opinion on the EEOC's new method of notification.

Even if this Court were to find that a notice of failure of conciliation triggers the 90-day period *and* that such notice need not contain a notice of the right to sue, the path which SKF vigorously contends that we should take, it cannot be said that the letter of April 25, 1973, was sufficient to meet the requirements of the Act. The Act provides that the EEOC shall notify the aggrieved party that the Commission has not entered into a *conciliation* agreement and not that it has not reached a settlement. In *Alexander v. Gardner-Denver Co., supra* 415 U.S. at 47, 94 S.Ct. at 1019, the Supreme Court stated:

> Title VII does not speak expressly to the relationship between federal courts and the grievance-arbitration machinery of collective-bargaining agreements. It does, however, vest federal courts with plenary powers to enforce the statutory requirements; *and it specifies with precision* the jurisdictional prerequisites that an individual must statisfy before he is entitled to institute a lawsuit. In the present case, these prerequisites were met when petitioner . . . received and acted upon the Commission's statutory notice of the right to sue. 42 U.S.C. § 2000e–5(b),(e), and (f). (Citation omitted) (emphasis added).

In order to comply with the precise prerequisite, it is necessary that the aggrieved party receive the prescribed statutory notice as defined in the Act, which at the very minimum is a notice of failure of conciliation.

SKF asks this Court to construe 42 U.S.C. § 2000e–5(f)(1) in a very narrow fashion. Yet, in the same breath, SFK

summarily concludes that the language of the April 25, 1973, letter clearly refers to the failure to accomplish conciliation as required by the Act. (See Memorandum of SKF in Support of Motion to Dismiss at ·3, n. 3.) [8] Faced with a similiar situation, the Ninth Circuit in *Gates v. Georgia-Pacific Corporation*, 492 F.2d 292 (9th Cir. 1974), held that a first letter which informed the plaintiff that her case was closed by the Commission "for lack of jurisdiction" was not sufficient to comply with the requirements of the Act. The court stated:

> Preliminarily, we note that Section 706e [§ 2000e–5(f)(1)], narrowly speaking, was not addressed to "no jurisdiction letters." . . . We are convinced that, as a result of the Commission's error, appellee was confused, and, under the circumstances, acted with all of the diligence and promptness which could be expected.
>
> *Id.* at 295.[9]

Moreover, in each and every case involving the triggering of either the 30-day limitation or the amended 90-day limitation, the first letter, at a minimum, includes a reference to a failure to reach conciliation. Therefore, this Court holds that the letter of April 25, 1973, failed to comply with the requirements of the Act in that it did not contain a notice of a failure of conciliation, and that the plaintiff acted diligently and promptly in filing this action within 90 days of the July 23, 1974, right-to-sue letter.

## ORDER

And now, to wit, this 29th day of July, 1975, it is ordered that defendant's

---

8. SKF cites *Austin v. Reynolds Metals Company*, 327 F.Supp. 1145, 1151 (E.D.Va. 1970); and *Hicks v. Crown Zellerbach Corporation*, 319 F.Supp. 314, 316–17 n. 5 (E.D. La.1970), in support of its contention. In each of these cases, the letters specifically referred to a failure of conciliation and in *Austin* the letter also contained a notice of a right to sue. 327 F.Supp. at 1147 n. 2.

9. It is obvious that the plaintiff in this case was confused as a result of the April 25, 1973, letter as he did not bring an action in the federal district court but asked the EEOC for a right-to-sue letter, a request which EEOC did not act upon. *See* note 2 *supra*.

(SKF Industries, Inc.) motion to dismiss those allegations contained in plaintiff's complaint pertaining to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, is hereby *denied.*