Josephine **MARTORANO**

v.

**HERTZ CORPORATION.**

Civ. A. No. 75–1729.

United States District Court,
E. D. Pennsylvania.

June 17, 1976.

Mead S. Spurio, Philadelphia, Pa., for plaintiff.

Brenda C. Kinney, Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

█ Presently before the Court is Hertz Corporation's ("Hertz") motion to dismiss, for lack of subject matter jurisdiction, those allegations contained in plaintiff's complaint pertaining to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*[1] Hertz contends that plaintiff failed to timely file this action within 90 days after she received notice from the Equal Employment Opportunity Commission ("EEOC") that it had failed to resolve her claim against Hertz through conciliation, as required by 42 U.S.C. § 2000e–

5(f)(1) (Supp. II, 1972).[2] For the reasons stated below, the motion will be denied.

█ Plaintiff was terminated from her employment by Hertz on May 22, 1972. On September 7, 1972, she filed a charge with the EEOC alleging that Hertz had discriminated against her on the basis of her sex. Unable to reach a voluntary settlement with Hertz, the EEOC, on March 6, 1975, sent plaintiff a letter which stated in pertinent part:

> This is to advise you that our efforts to settle your case have been unsuccessful. The Respondent has failed to make a good faith effort to resolve the issue of back wages.
>
> If you wish to pursue the matter further, you have the right to sue the Respondent in the United States District Court in Philadelphia. If you decide to sue, you must submit a written request to this office for a Notice of Right to Sue.

In a letter to the EEOC dated March 11, 1975, plaintiff requested a notice of the right to sue. On March 17, 1975, the EEOC, pursuant to its regulations,[3] sent plaintiff a statutory notice of her right to sue in the appropriate federal district court within 90

---

1. Hertz raised the issue of lack of subject matter jurisdiction in a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. It was not raised in a Rule 12(b)(1) motion to dismiss because Hertz did not learn of the alleged jurisdictional impediment until plaintiff's deposition was taken. *See* Defendant's Memorandum of Law in Support of Motion for Summary Judgment, at 1 n. 1. It is clear that a motion for summary judgment is an inappropriate vehicle for raising the question of the court's subject matter jurisdiction. As noted in 10 Wright & Miller, Federal Practice and Procedure: Civil § 2713 at 404–405:

> The rationale for this conclusion, although somewhat metaphysical, is sound. If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action. In addition, a dismissal for want of jurisdiction has no res judicata effect and the same action subsequently may be brought in a court of competent jurisdiction. A summary judgment, on the other hand, is on the merits and purports to have a res judicata effect on any later action. (Footnotes omitted.)

However, since Rule 12(h)(3) permits parties to raise the contention that the court lacks subject matter jurisdiction at any stage of the proceedings, we will treat Hertz's contention as if it had been asserted in a Rule 12(b)(1) motion.

2. 42 U.S.C. § 2000e–5(f)(1) (Supp. II, 1972) states in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . *or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission,* . . . *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge* . . . . (Emphasis added.)

3. *See* 29 CFR § 1601.25 (1975).

days of her receipt of the same notice.[4] Plaintiff's judicial complaint was filed on June 17, 1975, within 90 days after receipt of the March 17 right-to-sue letter, but more than 90 days after receipt of the March 6 "failure to reach conciliation letter." The issue presented is which letter triggered the 90-day limitation period of 42 U.S.C. § 2000e–5(f)(1) (Supp. II, 1972).[5]

■ This Court was recently faced with this same issue in *Doman v. SKF Industries, Inc.*, 399 F.Supp. 716 (E.D.Pa.1975). In *Doman*, we began our analysis by noting that "[d]ecisions by other courts addressing this issue have been few in number and diverse in their outcome." *Id.* at 717. For example, the Eighth Circuit in *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301 (8th Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976), after a thorough analysis of the legislative history and relevant case law, held that it was the right-to-sue letter, and not the failure to reach conciliation letter, which triggered the 90-day period. Since *Doman*, the Eighth Circuit has followed the rationale of *Tuft* in *Lacy v. Chrysler Corp.*, 533 F.2d 353, 12 FEP Cases 471 (8th Cir. 1976) (en banc), as have the Tenth Circuit in *Williams v. Southern Union Gas Co.*, 529 F.2d 483 (10th Cir. 1976) and Judge Fullam of our District in *Beamon v. W. B. Saunders Co.*, Civil No. 75–2250, 413 F.Supp. 1167 (E.D. Pa., filed April 27, 1976). On the other hand, we pointed out that, notwithstanding the *Tuft* decision, a district court in *Kelly v. Southern Products Co.*, 10 FEP Cases 1221 (N.D.Ga. June 16, 1975), held that a civil action instituted under Title VII is barred if it has not been brought within 90 days after the aggrieved party's receipt of the failure to reach conciliation letter. Numerous district courts have held since *Doman* that the failure to reach conciliation letter and not the right-to-sue letter triggers the 90-day period. *See, e.g., Wilson v. Sharon Steel Corp.*, 399 F.Supp. 403 (W.D.Pa.1975).

We next noted that, even if the failure to reach conciliation letter triggered the 90-day period, the Supreme Court had noted that a prerequisite to a federal court action under Title VII is receipt of and action upon the EEOC's statutory notice of the right to sue. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, we found that those cases were not determinative of the issue at hand since, in both cases, the plaintiff instituted suit in federal court within the applicable time period, after receiving a notice of failure of conciliation which *also* contained a notice of the right to sue.

Finally, we found it unnecessary to decide which letter triggered the 90-day period since the purported failure to reach conciliation letter which was sent to Mr. Doman[6] did not satisfy the requirement of

4. The letter states in pertinent part:

Pursuant to Section [2000e–5(f)(1)] of Title VII of the Civil Rights Act of 1964, as amended, and Section 1601.25 of Title 29, Chapter XIV of the Code of Federal Regulations, you are hereby notified that you may, within ninety (90) days of receipt of this communication, institute a civil action in the United States District Court for the area in which you live.

5. This Court recently expressed the view, in *DeGideo v. Sperry-Univac Co.*, 415 F.Supp. 227 (E.D.Pa., filed June 9, 1976), that the 180- and 300-day timely filing of charges requirement contained in 42 U.S.C. § 2000e–5(e) (Supp. II, 1972) is not jurisdictional in the strict sense of the word, but that it should be analogized to statutes of limitations in order that equitable principles, such as tolling and estop-

pel, may be applied. We relied on Judge Wisdom's extensive analysis in *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975), in reaching this conclusion. This Court believes, as did Judge Fullam in *Beamon v. W. B. Saunders Co.*, Civil No. 75–2250, 413 F.Supp. 1167 (E.D.Pa., filed April 27, 1976), that the *Reeb* rationale is just as applicable to the § 2000e–5(f)(1) 90-day requirement as it is to the § 2000e–5(e) 180- and 300-day requirement.

6. The letter stated in pertinent part:

This is to advise you that attempts to reach a settlement of the above-referenced cases were unsuccessful. We are, therefore, forwarding the case to our Regional Litigation Office for review for possible litigation. You will be notified of the outcome of this review.

§ 2000e–5(f)(1), *i. e.*, a notice that the EEOC "has not entered into a conciliation agreement." The Court stated:

> Even if this Court were to find that a notice of failure of conciliation triggers the 90-day period *and* that such notice need not contain a notice of the right to sue, . . . it cannot be said that the [failure to reach a settlement letter], was sufficient to meet the requirements of the Act. The Act provides that the EEOC shall notify the aggrieved party that the Commission has not entered into a *conciliation* agreement and not that it has not reached a settlement. In *Alexander v. Gardner-Denver Co., supra* 415 U.S. at 47, 94 S.Ct. at 1019, the Supreme Court stated:
>
> > "Title VII does not speak expressly to the relationship between federal courts and the grievance-arbitration machinery of collective-bargaining agreements. It does, however, vest federal courts with plenary powers to enforce the statutory requirements; *and it specifies with precision* the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit. In the present case, these prerequisites were met when petitioner . . . received and acted upon the Commission's statutory notice of the right to sue. 42 U.S.C. § 2000e–5(b), (e), and (f)." (Citation omitted) (emphasis added).

In order to comply with the precise prerequisite, it is necessary that the aggrieved party receive the prescribed statutory notice as defined in the Act, which at the very minimum is a notice of failure of conciliation.

399 F.Supp. at 719 (original emphasis).

As was the plaintiff in *Doman*, plaintiff in the instant case was informed that the EEOC was unable to settle the case and not that it had failed to enter into a conciliation agreement.[7] In fact, the March 6 letter specifically stated that suit could not be instituted until plaintiff requested, in writing, a notice of a right to sue. Therefore, this Court holds that the March 6 letter failed to comply with the requirement of § 2000e–5(f)(1), in that it did not contain a failure to reach conciliation notice, and that plaintiff acted diligently and promptly in filing this action within 90 days of her receipt of the March 17 right-to-sue letter.

---

**7.** A comparison of the March 6 letter which the EEOC sent to plaintiff with the March 6 failure to reach conciliation letter which the EEOC sent to Hertz's Assistant General Counsel, Andrew O. Feuerstein, Esquire, further highlights the statutory inadequacy of the former letter. The Hertz letter provides in pertinent part:

> On February 20, 1975, you were notified that the Commission's *conciliation* efforts had been unsuccessful and would not be resumed except upon your written request within five (5) days of your receipt of that notice. You have failed to respond within the specified five (5) days.
>
> Therefore, in accordance with the Commission's Procedural Regulations, 29 C.F.R., Section 1601.25 (1974), you are hereby notified that *conciliation has failed.* (Emphasis added.)